Nathaniel WILLIAMS, Appellant,

v.

Sally WALLS; Sgt. Rockey Martin; Mr. Strobeitto, Appellees.

No. 84–1338.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 11, 1984.

Decided Sept. 28, 1984.

John Ashcroft, Atty. Gen., Michael H. Finkelstein, Asst. Atty. Gen., Jefferson City, Mo., for Appellees.

Thomas B. Weaver, St. Louis, Mo., for appellant Nathaniel Williams; Armstrong, Teasdale, Kramer & Vaughan, St. Louis, Mo., of counsel.

Before ROSS, Circuit Judge, HENLEY, Senior Circuit Judge, and BOWMAN, Circuit Judge.

PER CURIAM.

Appellant Nathaniel Williams sued three prison administrators under 42 U.S.C. § 1983 alleging that the methods utilized in transferring him from a medium security facility to a maximum security facility violated his rights under the due process clause of the fourteenth amendment to the United States Constitution. The district court[1] adopted the magistrate's recommendation, found no constitutional violation with respect to the transfer, and dismissed the complaint. We affirm the dismissal of the complaint as it relates to Williams' transfer only and remand the case to the district court with directions.

Appellant alleges that while a prisoner in Missouri State Training Center for Men, a medium security facility, he was placed in segregation without notice of the charges against him. The next day he was taken before the three appellees, a classification team, who, still without notice of charges against appellant, recommended his transfer to the Missouri State Penitentiary, a maximum security facility. Then, according to appellant, he was kept in segregation for 14 days and subsequently transferred with consequent adverse effects on his "good time" and parole record.

The district court and magistrate interpreted appellant's complaint solely as an effort to contest his transfer and found no constitutional violations. This court agrees that dismissal of the transfer claim was proper. Transfer from a medium to a maximum security prison is within the normal limits of custody which conviction authorizes the state to impose. *Meachum v. Fano,* 427 U.S. 215, 225, 96 S.Ct. 2532, 2538, 49 L.Ed.2d 451 (1976); *Montanye v. Haymes,* 427 U.S. 236, 242, 96 S.Ct. 2543, 2547, 49 L.Ed.2d 466 (1976). No liberty interest protected by the due process clause is implicated and no particular process is required in connection with inmate transfers among prisons unless a state creates a protected liberty interest by placing substantive limitations on official discretion. *Olim v. Wakinekona,* 461 U.S. 238, 103 S.Ct. 1741, 1747, 75 L.Ed.2d 813 (1983). Appellant has pointed to no statute, regulation or practice which places any substantive limitation on Missouri's discretion to transfer inmates. Nor does appellant show that any particularized standards or criteria were established by the state to govern transfer decisions.

In addition to his transfer claim, on appeal, appellant contends his complaint also included a claim that he was improperly placed in segregation without due process and in violation of the prison rules. The district court did not reach this issue, which admittedly was a broad allegation in the complaint drafted by appellant without the aid of counsel. However, such an allegation, when properly pled with particularity, may state a valid civil rights cause of action at least at the pleading stage.[2] *See, e.g., Hughes v. Rowe,* 449 U.S. 5, 12–13, 101 S.Ct. 173, 177, 66 L.Ed.2d 163 (1980) (*per*

---

1. The Honorable James H. Meredith, Senior United States District Judge for the Eastern District of Missouri.

2. We make no determination on the merits of such a claim at this stage.

*curiam*). Appellant is entitled to pursue this claim further in the district court.

Accordingly, we affirm the district court's dismissal of the complaint as it relates to Williams' transfer claim, but remand the case to the district court with directions to appoint counsel[3] and grant appellant leave to file an amended complaint developing his due process claims.

**3.** Counsel appointed to argue this case on appeal indicated that he would accept appointment to amend the complaint. We appreciate counsel's willingness to serve in this matter and thank him for the services he has rendered thus far.