Michael MURPHY, Appellant,

v.

**MISSOURI DEPARTMENT OF CORRECTION, Appellee.**

No. 85–1184.

United States Court of Appeals, Eighth Circuit.

Submitted June 25, 1985.

Decided Aug. 2, 1985.

Michael Murphy, pro se.

Melinda Corbin, Jefferson City, Mo., for appellee.

Before HEANEY, Circuit Judge, HENLEY, Senior Circuit Judge, and McMILLIAN, Circuit Judge.

PER CURIAM.

Michael Murphy, an inmate at the Missouri State Penitentiary, filed suit under 42 U.S.C. § 1983 alleging, *inter alia*, that he was transferred from the Missouri Training Center for Men in retaliation for his religious beliefs. The district court dismissed his complaint as frivolous. *See* 28 U.S.C. § 1915(d). We reverse and remand for further proceedings.

Murphy is a member of Aryan Nations Church of Jesus Christ Christian. His pro se complaint alleges that he was transferred from a medium security institution to a maximum security prison solely to punish him for his religious views. The district court, relying on *Meachum v. Fano,* 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976), summarily dismissed the complaint stating that a prisoner may be transferred to another institution for any reason whatsoever.

We believe the district court abused its discretion in dismissing Mur-

phy's complaint as legally frivolous. While a prisoner enjoys no constitutional right to remain in a particular institution and generally is not entitled to due process protections prior to such a transfer, *Olim v. Wakinekona,* 461 U.S. 238, 103 S.Ct. 1741, 1745, 75 L.Ed.2d 813 (1983); *Meachum v. Fano,* 427 U.S. at 228–29, 96 S.Ct. at 2540; *Williams v. Walls,* 744 F.2d 1345, 1346 (8th Cir.1984) (per curiam), prison officials do not have the discretion to punish an inmate for exercising his first amendment rights by transferring him to a different institution. *Garland v. Polley,* 594 F.2d 1220, 1222–23 (8th Cir.1979); *see also Olim,* 103 S.Ct. at 1747 n. 9 (state may place inmate in any penal institution unless "the reason for confining the inmate in a particular institution is itself constitutionally impermissible"); *Montayne v. Haymes,* 427 U.S. 236, 244, 96 S.Ct. 2543, 2548, 49 L.Ed.2d 466 (1976) (Stevens, J., dissenting); *Matzker v. Herr,* 748 F.2d 1142, 1150 (7th Cir. 1984); *Milhouse v. Carlson,* 652 F.2d 371, 373–74 (3d Cir.1981); *McDonald v. Hall,* 610 F.2d 16, 18 (1st Cir.1979); *Buise v. Hudkins,* 584 F.2d 223, 229–30 (7th Cir. 1978), *cert. denied,* 440 U.S. 916, 99 S.Ct. 1234, 59 L.Ed.2d 466 (1979); *Majid v. Henderson,* 533 F.Supp. 1257, 1270 (N.D.N.Y.), *aff'd,* 714 F.2d 115 (2d Cir.1982). Construed liberally, Murphy's complaint alleges just such a retaliatory transfer.

An action may not be dismissed as frivolous unless it is beyond doubt that the petitioner can prove no facts in support of his claim which would entitle him to relief. *E.g., Horsey v. Asher,* 741 F.2d 209, 211 (8th Cir.1984). Here, Murphy may be able to prove that his transfer was motivated by the prison officials' desire to punish him for protected activity. It follows that the district court erred in dismissing the complaint as frivolous.[1]

Reversed and remanded.

---

1. We express no opinion on the merits of Murphy's claim but hold only that his complaint states a valid cause of action under section 1983. We note that on remand Murphy "will face a substantial burden in attempting to prove that the actual motivating factor for his transfer was as he alleges." *McDonald v. Hall,* 610 F.2d 16, 18 (1st Cir.1979). We also note that Murphy raises other allegations which were not addressed by the district court, including a claim of denial of equal protection and that he was transferred in retaliation for filing a lawsuit

against the prison officials. On remand, the district court may in its discretion wish to deal with these complaints.