Michael **MORAN,** Appellee,

v.

Hal **FARRIER;** **Warden Nix;** **Grossheim;** **Jim Helling;** **Mr. Moline;** **Charles Harper;** **and Ron Welder, et al.,** Appellants.

No. 90–1701.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 11, 1990.

Decided Jan. 10, 1991.

Gordon E. Allen and Suzie A. Berregaard, Des Moines, Iowa, for appellants.

Ronald L. Mountsier, Des Moines, Iowa, for appellee.

Before WOLLMAN, Circuit Judge, HEANEY and FRIEDMAN,* Senior Circuit Judges.

HEANEY, Senior Circuit Judge.

Hal Farrier, director of the Iowa State Department of Corrections, appeals from the district court's determination that Farrier and his codefendants, officials of the Iowa State Penitentiary (ISP), deprived inmate Michael Moran of due process in connection with prison disciplinary proceedings. We affirm.

## BACKGROUND

This case is before us for the second time. The district court initially granted defendants' motion for summary judgment for failure to state a claim. Moran appealed, and we remanded the case to the district court to determine whether ISP officials had followed internal prison regulations, and, if not, whether their actions denied Moran due process. *Moran v. Farrier*, No. 88–1735, slip op. at 2 (8th Cir. Sept. 1, 1988) [860 F.2d 1086 (Table)].

On remand, the parties submitted the case by consent to a magistrate on a stipulated record. The relevant facts are as follows.

On July 29, 1986, Moran asked Warden Crispus Nix about a pair of eyeglasses he had given to Prison Chaplain Ronald Bronemann. Bronemann was to look into the possibility of having the glasses repaired, and Moran was concerned because he had heard that Bronemann had left his job at ISP. ISP's deputy warden and Correction Treatment Director located the glasses in Bronemann's desk. They then interviewed Moran and issued disciplinary notices charging him with violating ISP rules prohibiting possession of contraband, bartering, entering into a contract, and attempt

* The Honorable Daniel M. Friedman, United States Senior Circuit Judge for the Federal Circuit, sitting by designation.

or complicity. The notices alleged that Moran had asked Bronemann to get his glasses tightened and tinted and had agreed to pay Bronemann five dollars per month for the cost of the repairs.

An ISP investigator conducted an investigation of the disciplinary notices by interviewing Moran, the deputy warden, and the Correction Treatment Director. On July 31, 1986, ISP's Disciplinary Hearing Committee was to hold a hearing on the disciplinary reports, but the committee chair continued the hearing because the investigation was incomplete. Notwithstanding the continuance, the investigator conducted no further investigation.

On August 1, 1986, the Disciplinary Hearing Committee determined that Moran had violated each of the rules cited in the disciplinary notices. The Committee relied on the information from the investigator's interviews with Moran, the deputy warden, and the Correction Treatment Director. The Committee's report noted that Moran did not request any additional witnesses, but Moran claims that he requested that Bronemann be called as a witness when the ISP investigator first interviewed him and at the August 1 hearing. The Committee sentenced Moran to fifteen days in disciplinary detention and six months in administrative segregation, and subtracted sixteen days of good time credit from his record.

Moran appealed the August 1 decision through the appropriate prison channels, but all appeals were denied, although his punishment was modified. On August 20, 1986, the Department of Corrections rescinded its appeal decision and remanded the case to the Disciplinary Hearing Committee for a rehearing to answer "unresolved questions." On rehearing, the Committee upheld its original decision, but further reduced Moran's penalties to thirty-one days administrative segregation and loss of ten days good time credit. Moran again unsuccessfully pursued all his avenues of appeal.

On November 18, 1986, at a second rehearing held at the request of the Attorney General's office, the Disciplinary Hearing Committee dismissed the reports against Moran after finding that Moran merely consulted Bronemann for advice about his glasses, and then followed Bronemann's advice. Before the reports were dismissed, Moran had spent ten days in disciplinary detention and twenty-three days in administrative segregation. He also lost his prison job, which paid $27.00 per month.

On remand from this court, the magistrate found that defendants denied Moran the process due under *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), by failing to grant Moran's request to call Bronemann as a witness and by basing their disciplinary decision on an inadequate record. The magistrate awarded Moran $250 damages to compensate for time spent in disciplinary detention and administrative segregation and for lost wages. Defendants filed a timely notice of appeal, designating the parties appealing as "Hal Farrier, et al." Moran then moved to dismiss the appeal as to all persons other than Farrier, the named appellant, for the notice of appeal's failure to comply with the specificity requirement of Federal Rule of Appellate Procedure 3(c). We consolidated Moran's motion with our consideration of the merits of the appeal.

## DISCUSSION

### I. Motion to Dismiss

■ In *Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 108 S.Ct. 2405, 101 L.Ed.2d 285 (1988), the Supreme Court considered the requirement of Federal Rule of Appellate Procedure 3(c) that a notice of appeal "shall specify the party or parties taking the appeal." 487 U.S. at 314, 108 S.Ct. at 2407 (citing Fed.R.App.P. 3(c)). The Court held that this language stated a prerequisite to appellate court jurisdiction over an appealing party, and that use of the phrase "et al." instead of listing the names of each party seeking to appeal was inadequate to meet the requirement. *Id.* at 317–18, 108 S.Ct. at 2408–09. The Court found that the court of appeals had no jurisdiction over an appellant whose name was inadvertently omitted from the notice of appeal, despite the use of the phrase "et al." following the named appellants. *Id.*

In his motion to dismiss, Moran contends that omission of the names of the defendants other than Farrier from the notice of appeal fails to comply with the jurisdictional specificity requirement of Rule 3(c). We agree. Defendants' attempts to distinguish this case from *Torres* are unpersuasive, and their assertion that "the Fed.R. App.P. 3(c) issue is one of first impression in the Eighth Circuit" is disingenuous.

This court has held that under *Torres,* an appellate court can consider only the claims of parties named in the notice of appeal. *Madewell v. Roberts,* 909 F.2d 1203, 1206 (8th Cir.1990); *United States v. Spurgeon,* 861 F.2d 181, 183 (8th Cir.1988). Explicitly relying on *Torres'* holding regarding Rule 3(c)'s specificity requirement, we have held that use of the phrase "et al." is inadequate to bring unnamed parties within our jurisdiction under the analogous specificity requirement of Federal Rule of Appellate Procedure 15(a). *Goos v. Interstate Commerce Commission,* 911 F.2d 1283, 1288 (8th Cir.1990). These cases, and *Torres'* unambiguous language, compel us to conclude that the notice of appeal filed in this case provides us with jurisdiction only over Hal Farrier. The remaining defendants failed to timely appeal the district court's decision in accordance with Rule 3(c).

## II. Merits

Farrier alleges that the magistrate erred in finding that ISP officials violated Moran's due process rights by failing to follow internal prison regulations. He further claims that even if a due process violation occurred, Moran deserves only nominal damages.

■ Prison officials may not arbitrarily deny an inmate's request to call witnesses at a disciplinary proceeding. *Graham v. Baughman,* 772 F.2d 441, 444 (8th Cir. 1985) (citing *Ponte v. Real,* 471 U.S. 491, 105 S.Ct. 2192, 85 L.Ed.2d 553 (1985)). The magistrate concluded that ISP officials violated Moran's due process rights by failing to call the witness Moran requested as required by ISP Disciplinary Policy and Procedures Rule IIIC(2)(b). Farrier contends that Moran never requested that any witnesses be called. The magistrate's determination that Moran had, in fact, requested ISP officials to call Bronemann as a witness is a finding of fact which we review under the clearly erroneous standard. *See* Fed.R.Civ.P. 52(a). The magistrate found that Moran's version of the incident was the more credible in view of all the circumstances, particularly the Disciplinary Hearing Committee's continuance of the first hearing due to an incomplete investigation. This finding is not clearly erroneous.

The magistrate also found that ISP officials violated Moran's due process rights by basing their disciplinary decision on an incomplete record. The inadequacy of the Disciplinary Hearing Committee's record is indisputable. Defendants stipulated that the first disciplinary hearing was continued because of an incomplete investigation and that the Committee subsequently decided against Moran without benefit of any further investigation. Due process requires, at a minimum, that prison disciplinary actions be supported by a factual basis sufficient to ensure that prison administrators acted fairly in reaching their decision. *See Wolff v. McDonnell,* 418 U.S. 539, 565, 94 S.Ct. 2963, 2979, 41 L.Ed.2d 935 (1974). By defendants' own admission, the Disciplinary Hearing Committee based its August 1, 1986 findings and Moran's punishment for rule violations on an incomplete investigation. The magistrate correctly determined that this procedure violated Moran's right to due process.

■ We also find no error in the magistrate's award of $250 damages to Moran. The Disciplinary Hearing Committee finally dismissed the disciplinary reports against Moran based on "original evidence and additional statements of Moran." If Moran's "additional statements" were sufficient to exonerate him, his punishment was both unjustified and the direct result of the inadequacy of the investigation on which the Committee based its original findings. Before the Committee finally dismissed the reports against Moran, he had spent ten days in disciplinary detention and twenty-three days in administrative segregation.

He had also lost his prison job. Moran's detention and loss of privileges constitute actual injury caused by the violation of his due process rights. *See Carey v. Piphus*, 435 U.S. 247, 263–64, 98 S.Ct. 1042, 1052–53, 55 L.Ed.2d 252 (1978). The record fully supports the award of damages.

## CONCLUSION

Accordingly, we affirm the judgment of the district court.