Steven Jack **WRIGHT**, Plaintiff,

v.

Paul **CASPARI**, et al., Defendants.

No. 91–2007C(5).

United States District Court,
E.D. Missouri, E.D.

Jan. 2, 1992.

Steven Jack Wright, pro se.

Susan D. Boresi, Riezman & Blitz, St. Louis, Mo., for defendants.

## MEMORANDUM AND ORDER

LIMBAUGH, District Judge.

Plaintiff, a pro se prisoner, filed a § 1983 complaint against defendants alleging numerous constitutional violations. He alleges violations of his right to due process, his Eighth Amendment rights, and his Fourteenth Amendment rights in connection with a disciplinary hearing and sanctions imposed against him. Defendants have filed a Rule 12(b)(6) motion to dismiss avering that plaintiff has failed to state any facts which would establish any constitutional violation and in the alternative, defendants are entitled to qualified immunity.

On June 24, 1991 plaintiff was found guilty of violating Conduct Rule 7, Forcible Sexual Misconduct, by a disciplinary team consisting of defendants Schneider, Stubblefield, and Baucher. Plaintiff claims his due process rights were violated because defendants Reed, Brundage, and Caspari refused his request to take a Psychological Stress Examination test (commonly referred to as a "lie detector test"). He contends that the disciplinary team refused to consider the testimony of his character

witnesses and that the finding of guilt was made despite a lack of physical evidence.

The sanctions imposed consisted of: thirty (30) days disciplinary segregation, elevation of plaintiff's I-score to 5, referral for a transfer, referral for criminal prosecution, and retention in administrative segregation pending his transfer. Plaintiff claims that these sanctions constitute cruel and unusual punishment in violation of the Eighth Amendment. Finally, plaintiff claims that the entire disciplinary process was discriminatory.

■ In passing on a motion to dismiss, a court must view the facts alleged in the complaint in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *Toombs v. Bell*, 798 F.2d 297, 298 (8th Cir.1986). The court should not grant a motion to dismiss merely because the complaint does not state with precision every element of the offense necessary for recovery. 5 Wright & Miller, *Federal Practice and Procedure: Civil*, Sec. 1216 at 120 (1969). A complaint is sufficient if it contains "allegations from which an inference can be drawn that evidence on these material points will be introduced at trial." *Id.* at 122–123. Moreover, a court should not dismiss a complaint unless it "appears beyond a reasonable doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson, supra,* 355 U.S. at 45–46, 78 S.Ct. at 102. Thus, a motion to dismiss is likely to be granted "only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." *Fusco v. Xerox Corp.*, 676 F.2d 332, 334 (8th Cir.1982). With this standard in mind, the Court turns to an examination of the plaintiff's complaint.

■ In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege two things. First, the plaintiff must allege that the defendant has deprived plaintiff of a federally protected right. Second, plaintiff must allege that defen-

dant acted under color of state or territorial law in depriving plaintiff of that right. *Gomez v. Toledo,* 446 U.S. 635, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980).

A pro se complaint is to be liberally construed and should not be dismissed unless the plaintiff can prove no set of facts to support the claim(s). *Ouzts v. Cummins,* 825 F.2d 1276, 1277 (8th Cir.1987); *Holloway v. Lockhart,* 792 F.2d 760, 761–62 (8th Cir.1986).

It is well-established that prisoners are entitled to the protections of the Due Process Clause and may not be deprived of life, liberty, or property without due process of law. *Wolff v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974); *Tyler v. Black,* 811 F.2d 424, 427 (8th Cir.1987) (vacated and withdrawn in part on other grounds) 865 F.2d 181 (8th Cir.1989), *cert. den.,* 490 U.S. 1027, 109 S.Ct. 1760, 104 L.Ed.2d 196 (1989). Prisoners' due process rights, however, are subject to restrictions due to the nature of prison surroundings. *Wolff,* at 556, 94 S.Ct. at 2974; *Tyler v. Black,* 811 F.2d at 427. In *Wolff,* the Supreme Court set forth certain minimum due process requirements that must be afforded prisoners in disciplinary proceedings. These are 1) that written notice of the charges be provided to the inmate at least 24 hours in advance of the proceeding; 2) that the inmate be provided with a written statement by the factfinders discussing the evidence and reasons supporting the action; and 3) the inmate be afforded the opportunity, so far as safety and security allow, to call witnesses and present documentary evidence. *Id.,* 418 U.S. at 563–66, 94 S.Ct. at 2978–79; *Tyler v. Black,* 811 F.2d at 429. In recognizing that "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply", the Court refused to hold that a prisoner has a right to either retained or appointed counsel in disciplinary proceedings. *Id.,* 418 U.S. at 556, 570, 94 S.Ct. at 2975, 2981.

Plaintiff believes his due process rights were violated because he was not allowed to call requested witnesses nor was he allowed to take a lie detector test. Neither of these claims rise to the level of a constitutional violation of his due process rights.

An inmate has the constitutional right to call witnesses and present documentary evidence in his defense, but only when doing so would not be "unduly hazardous to institutional safety or correctional goals". *Wolff,* at 566, 94 S.Ct. at 2979; *Brown v. Frey,* 889 F.2d 159, 167 (8th Cir.1989); *Strickland v. Delo,* 758 F.Supp. 1319, 1321–22 (E.D.Mo.1991). A great deal of latitude is accorded to the prison official's determination as to whether or not a prisoner's witnesses shall be called. *Wolff,* 418 U.S. at 566, 94 S.Ct. at 2979. "The deference accorded prison officials limits (Brown's) clearly established right to call witnesses by giving them broad discretion to reject an inmate's request for institutional security reasons, to prevent the undermining of prison authority, to foster correctional goals, to exclude irrelevant or unnecessary testimony, or testimony which would create a risk of reprisal." *Brown v. Frey,* at 167. The *Brown* Court noted that this discretion is so broad that "it may be that a constitutional challenge to a disciplinary hearing [based upon an inmate's right to call witnesses] . . . will rarely, if ever, be successful." *Id.,* at 167 citing *Ponte v. Real,* 471 U.S. 491, 499, 105 S.Ct. 2192, 2197, 85 L.Ed.2d 553 (1985).

The disciplinary team (aka Adjustment Board) interviewed the plaintiff's witnesses and determined that they were character witnesses, not fact witnesses. The Adjustment Board further determined that the testimony of these character witnesses was irrelevant and unnecessary to the proceedings. The refusal of the Adjustment Board to call the plaintiff's witnesses under such circumstances cannot be said to have violated his due process rights. *Brown v. Frey,* at 168; *Graham v. Baughman,* 772 F.2d 441, 445 (8th Cir.1985).

As for the denial of a lie detector test, the plaintiff fails to allege any state law or federal law which grants him the right to take a lie detector test in a disciplinary proceeding. Given the restrictive

bounds of an inmate's due process rights, this Court cannot say that such a denial (to take a lie detector test) was unreasonable or rises to the level of a constitutional violation.

Finally, as regards his due process rights, plaintiff believes that he was convicted (by the Adjustment Board) of violating Rule 7 on insufficient evidence. He alleges that there was no evidence upon which the Adjustment Board could convict him. The defendants counter that some evidence did exist upon which the Adjustment Board could base their decision.

■ At a minimum, due process requires that prison disciplinary actions be supported by a factual basis sufficient to ensure that the prison officials acted fairly in reaching their decision. *Moran v. Farrier*, 924 F.2d 134 (8th Cir.1991). A sufficient factual basis for a disciplinary team's action exist if some evidence, i.e. any evidence in the record, supports the disciplinary decision. *Superintendent v. Hill*, 472 U.S. 445, 455–56, 105 S.Ct. 2768, 2773–74, 86 L.Ed.2d 356 (1985); *Mason v. Sargent*, 898 F.2d 679, 680 (8th Cir.1990); *Rudd v. Sargent*, 866 F.2d 260, 262 (8th Cir.1989). "Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." *Rudd*, at 262 citing *Superintendent v. Hill*, 472 U.S. at 455, 105 S.Ct. at 2774.

■ In the present case, the plaintiff concedes that the Adjustment Board had before it the reporting officer's charge, the alleged victim's statement, and plaintiff's own statements made during the hearing. Plaintiff contends that the alleged victim's statement (offered by plaintiff in his defense) refuting plaintiff's involvement in the assault should not have been discredited by the Adjustment Board and that the lack of physical evidence tying plaintiff to the assault should have exonerated plaintiff. The Adjustment Board was well within its rights to give as much deference to the alleged victim's statements as it felt was appropriate under the circumstances. As for the lack of physical evidence, the

"some evidence" standard does not dictate the type of evidence required. Here, the verbal testimony of plaintiff, the alleged victim, and the reporting officer constitute "some evidence" to support the Adjustment Board's decision.

■ Plaintiff also alleges that the sanctions imposed by the Adjustment Board violated his Eighth Amendment rights against cruel and unusual punishment. He contends that the disciplinary segregation and transfer to another penal institution have placed a great deal of strain upon his marriage. The Court finds that the sanctions imposed by the Adjustment Board do not constitute cruel and unusual punishment.

■ The Supreme Court recently held that all Eighth Amendment claims must be adjudged by the "deliberate indifference" standard previously set down by the Court in *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976) for medical claims. *Wilson v. Seiter*, — U.S. ——, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). The conditions of confinement must not involve the wanton and unnecessary infliction of pain, be grossly disappropriate to the severity of the crime warranting the punishment, nor involve conduct (that doesn't purport to be punishment at all) that demonstrates more than ordinary lack of due care for the prisoner's safety or interests. *Whitley v. Albers*, 475 U.S. 312, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986); *Rhodes v. Chapman*, 452 U.S. 337, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981). In order to establish an Eighth Amendment challenge to confinement, a prisoner must establish the unnecesary and wanton infliction of pain, mental or physical. *Rodgers v. Thomas*, 879 F.2d 380, 384 (8th Cir.1989); *Cowans v. Wyrick*, 862 F.2d 697 (8th Cir. 1988). Finally, a court in reviewing an Eighth Amendment challenge to the conditions of confinement must examine the totality of the circumstances. *Rhodes*, 452 U.S. at 362–63, 101 S.Ct. at 2407.

■ Considering the nature of the charges that plaintiff was found guilty of, the Court cannot fault the prison officials

for removing plaintiff from the general prison population. Since plaintiff does not challenge the actual conditions of his confinement, only that the hearing and the sanctions imposed negatively impacted upon his marriage, the Court finds that the sanctions do not constitute cruel and unusual punishment. Furthermore, the pending transfer to another penal institution also fails to rise to the level of an Eighth Amendment violation. A prisoner does not have a constitutional right to pick and choose his prison. *Tyler v. Black*, 811 F.2d at 427; *Murphy v. Missouri Dept. of Correction*, 769 F.2d 502, 503 (8th Cir.1985). However, a prisoner cannot be transferred for exercising his constitutional rights (e.g. First Amendment rights, filing lawsuits, etc.). Such retaliatory transfers are impermissable. *Ponchik v. Bogan*, 929 F.2d 419 (8th Cir.1991); *Murphy*, at 503; *Garland v. Polley*, 594 F.2d 1220 (8th Cir.1979). Absent constitutional consideration, prison officials have broad discretion in the transferring of inmates to wards within a prison or transferring inmates between prisons. *Olim v. Wakinekona*, 461 U.S. 238, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983); *Lyon v. Farrier*, 727 F.2d 766 (8th Cir.1984) *cert. den.*, 469 U.S. 839, 105 S.Ct. 140, 83 L.Ed.2d 79 (1985); *Williams v. Walls*, 744 F.2d 1345 (8th Cir.1984). Since plaintiff's transfer is a direct result of the disciplinary hearing, and not in retaliation for any exercise of plaintiff's constitutional rights, the Court will not disturb the decision of the Adjustment Board.

As for the remaining allegations of plaintiff's complaint, the Court finds that plaintiff has totally failed to allege any set of facts which remotely demonstrate discriminatory conduct on the part of the defendants. Nowhere does he allege any action by any of the defendants which give this Court cause to believe that he was treated differently on the basis of sex, age, religion, race or national origin. Nowhere does he allege any set of facts which remotely demonstrate that other inmates convicted by an Adjustment Board of violating Rule 7 were treated any differently than he was treated.

Plaintiff has failed to allege any set of facts which could support his due process claims and his Eighth Amendment claims. Since plaintiff's complaint fails to state a claim upon which relief can be granted, the Court has no need to address the defendants' alternative dismissal grounds of qualified immunity. Defendants' motion to dismiss for failure to state a claim upon which relief can be granted will be granted.

Accordingly,

IT IS HEREBY ORDERED that defendants' motion to dismiss for failure to state a claim upon which relief can be granted be and is GRANTED.

IT IS FURTHER ORDERED plaintiff's motion for appointment of counsel be and is DENIED as moot.

IT IS FINALLY ORDERED that plaintiff's motion for declaratory injunctive relief and temporary restraining order be and is DENIED as moot.