978 F.2d 1263
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Donald HARDEN, Appellant,
v.
Bill ARMONTROUT; Cecil Pettus, Appellees.
 No. 92-1676.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: October 12, 1992.
Filed: November 2, 1992.
 
 Before JOHN R. GIBSON, BEAM, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Donald Harden, a Missouri inmate, appeals from the district court's[1] grant of summary judgment to defendants in his 42 U.S.C. § 1983 action. We affirm.
 
 
 2
 Harden, while incarcerated at the Missouri State Penitentiary (MSP) (now known as the Jefferson City Correctional Center), filed this action claiming that defendants had violated his constitutional rights when they retaliated against him for attempting to establish a burial fund for another inmate's relatives, who had been killed in an automobile accident. Harden had requested that inmates send their donations to a St. Louis-based community group, the Organization for Black Struggle (OBS), which would administer the fund. Harden alleged that, in retaliation for this fund-raising, he was falsely accused of circulating a petition seeking the release of two other inmates from administrative segregation to the general population, and was himself placed in administrative segregation. Harden alleged that he was held in administrative segregation for over 150 days without being issued a conduct violation for his alleged circulation of the petition. Harden also alleged that false allegations were placed in his institutional file which will hinder his chances for parole. Harden alleged that defendant Bill Armontrout, the then-superintendent of MSP, took control of the fund-raising project, did not permit the contributions to be channelled through OBS, and subsequently terminated the fund.
 
 
 3
 Defendants moved for summary judgment, claiming that Harden had failed to state a constitutional violation and that they were entitled to qualified immunity. Defendants contended that Harden "was placed in administrative segregation for circulating a petition because it represented a threat to the safety and security of the institution." Defendants also asserted that Harden was already in segregation at that time because he had been found guilty earlier of fighting and possessing an intoxicating substance. Defendants supported their motion with various documents, including affidavits of Armontrout and defendant Cecilroy J. Pettus, a caseworker at MSP.
 
 
 4
 Pettus stated in his affidavit that he had been a member of the classification committee which reviewed the petition-circulation charge; Harden had admitted signing the petition; the petition had demanded the release into the general population of two inmates, but had not contained any references to OBS or the burial fund; the committee had found that Harden's activities threatened the safety and security of the institution because allowing inmates to organize in this fashion encourages disruptive and sometimes violent behavior; and his decision had not been in retaliation for Harden's work on behalf of the burial fund as he had not been aware of its existence at that time.
 
 
 5
 Armontrout stated in his affidavit that OBS was not a recognized organization at MSP; he had chosen to send any donations directly to the family to prevent fraud or misuse; he had approved the recommendation of the classification committee that Harden be placed in administrative segregation for signing and circulating the petition; and this approval had been based solely on the committee's recommendation and had not been in retaliation for Harden's work with the burial fund, to which he had had no objections.
 
 
 6
 Harden filed an opposition to the summary judgment motion, claiming that defendants must have acted in retaliation because inmates regularly sign and circulate petitions without any adverse action being taken against them. Harden also alleged that defendants had not identified the source of the accusation that he had circulated the petition. Harden claimed that, even if defendants did not act in retaliation, they had not shown how this particular petition presented any greater threat to the safety and security of the institution than other petitions did. Although Harden stated that he had been brought before the classification committee, he alleged that he had been denied a "fair and required hearing" before being assigned to administrative segregation. Harden supported his opposition with various documents, including other petitions, excerpts from his deposition, and affidavits by other inmates and a member of OBS. Samuel C. Hamm, an inmate law clerk, stated in his affidavit that petitions were frequently circulated at MSP; they were a recognized form of grievance; and no inmate had been charged previously with a rule violation for circulating a petition. Edward H. Pennington, another inmate law clerk, stated in his affidavit that he had typed, signed, and circulated the petition at issue; and he was acting on behalf of the confined inmates when he did so.
 
 
 7
 The magistrate judge[2] proposed that defendants' summary judgment motion be granted. The magistrate judge noted that, as stated in Hewitt v. Helms, 459 U.S. 460 (1983), an inmate should reasonably anticipate being placed in administrative segregation at some point in his confinement. Further, the magistrate judge suggested that only an informal, nonadversarial review is required to satisfy due process when placing an inmate in administrative segregation for nonpunitive reasons. Finally, the magistrate judge proposed that Harden had not demonstrated a causal connection between his work with the burial fund and his placement in administrative segregation. After reviewing Harden's objections, the district court adopted the magistrate judge's report and granted summary judgment to defendants.
 
 
 8
 We conclude that the district court did not err in granting summary judgment to defendants.[3] We acknowledge that "[p]rison officials may not retaliate against an inmate for exercising constitutional rights." Flittie v. Solem, 827 F.2d 276, 281 (8th Cir. 1987) (per curiam). Even assuming that Harden's fund-raising activities were constitutionally protected, however, we conclude that he failed to prove that the actual motivating factor for defendants' decision to place him in administrative segregation was his work with the fund. See Murphy v. Missouri Dep't of Correction, 769 F.2d 502, 503 n.1 (8th Cir. 1985) (per curiam) (inmate claiming retaliation required to meet substantial burden of proving actual motivating factor for adverse action was as alleged).
 
 
 9
 Pettus stated in his affidavit that he had not been aware of the existence of the fund when the classification committee considered the petition-circulation charge; because Harden did not dispute this statement in his opposition to defendants' summary judgment motion, there is no genuine issue of material fact regarding a retaliatory motive on Pettus's part. Armontrout stated in his affidavit that he had no objections to the burial fund (after modifications), and he had approved the classification committee's recommendation to place Harden in administrative segregation solely as a result of the committee's finding that Harden had signed and circulated the petition. Although Harden submitted affidavits of two inmates stating that Armontrout knew of Harden's fund-raising prior to approving the classification committee's recommendation (which Armontrout concedes), Harden did not submit any evidence to support his bare allegation that Armontrout acted with a retaliatory motive. We reject Harden's argument that a retaliatory motive may be inferred from the chronology of events in this instance.
 
 
 10
 As a final matter, we note that prison officials may take appropriate actions to restrict the use of group petitions in the interest of institutional security. Nickens v. White, 622 F.2d 967, 968, 971 (8th Cir.) (officials did not violate inmate's constitutional rights when they transferred him from medium-security facility to maximum-security facility because he refused to remove his name from petition), cert. denied, 449 U.S. 1018 (1980). Harden admitted signing the petition, which attempted to interfere with a decision made by prison officials that two specific inmates should be segregated from the general population. Accordingly, absent any evidence of retaliation, defendants' placement of Harden in administrative segregation for his involvement with the petition does not rise to the level of a constitutional violation.
 
 
 11
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Scott O. Wright, Senior United States District Judge for the Western District of Missouri
 
 
 [2]
 The Honorable William A. Knox, United States Magistrate Judge for the Western District of Missouri
 
 
 [3]
 Defendants raised the defense of qualified immunity in their summary judgment motion and renew this argument on appeal. Because the district court did not address this issue, and because we find that no constitutional violations occurred, we do not address this argument