53 F.3d 212
 31 Fed.R.Serv.3d 987
 Tony WILLIAMS, Appellant,
v.
Crispus NIX; Iowa State Penitentiary; Paul Hedgepeth;
Charles Harper; George Fenn; V.J. Damico, Lt.; Harry L.
Grabowski, Major; Dennis Burns, c/o; Bruce McDonald;
Ronald Welder; and Harold Farrier, Appellees.
 No. 94-1986.
 United States Court of Appeals,
Eighth Circuit.
 Submitted April 10, 1995.
Decided April 28, 1995.
 
 Francis C. Hoyt, West Des Moines, IA, argued, for appellant.
 Layne M. Lindebak, Des Moines, IA, argued, for appellees.
 Before RICHARD S. ARNOLD, Chief Judge, MURPHY, Circuit Judge, and DAVIS,* District Judge.
 RICHARD S. ARNOLD, Chief Judge.
 
 
 1
 This is a suit under 42 U.S.C. Sec. 1983 in which the plaintiff, Tony Williams, an inmate of the Iowa State Penitentiary, challenged certain practices of the defendants with respect to the ability of one inmate to help other inmates with lawsuits. Ten officials and employees of the Iowa State Penitentiary were originally named as defendants. The District Court[1] initially ruled in favor of the plaintiff, granting certain equitable relief. On appeal, we reversed, Williams v. Nix, 1 F.3d 712 (8th Cir.1993), and directed entry of judgment in favor of the defendants.
 
 
 2
 The present appeal arises out of the fact that the names of two defendants-appellants were omitted from the notice of appeal on the previous appeal. When the case was remanded, Williams moved for enforcement of the judgment against these two defendants. They, in turn, moved under Fed.R.Civ.P. 60(b) to set the judgment aside on the ground, among others, that, in view of our ruling against Williams on the first appeal, it was no longer equitable for the judgment to be given prospective effect against them. The District Court denied Williams's motion and granted the defendants', thus, in effect, giving all defendants the benefit of our prior ruling.
 
 
 3
 Williams appeals. He points to the rule, which is indeed now well settled, that a losing party in the District Court whose name is omitted from the list of appellants in a notice of appeal is not properly before the Court of Appeals, see Torres v. Oakland Scavenger Co., 487 U.S. 312, 108 S.Ct. 2405, 101 L.Ed.2d 285 (1988); Moran v. Farrier, 924 F.2d 134 (8th Cir.1991). This Court, Williams says, lacked jurisdiction on the previous appeal over defendants Harold Farrier and Ronald Welder, and therefore it was an abuse of discretion for the District Court, through the back door, so to speak, of Rule 60(b), to give these defendants the benefit of our decision. They did not appeal from the previous decision of the District Court in favor of the plaintiff, they were not parties in the Court of Appeals when we reversed that decision, and therefore, Williams says, they are stuck with the effect of the original judgment.
 
 
 4
 The District Court acted under paragraphs (1), (5), and (6) of Fed.R.Civ.P. 60(b). As a general matter, we agree with Williams that Rule 60(b) cannot be used in such a way as to obliterate the rule that an appellant who fails to appeal from a judgment is not entitled to the benefit of an appellate decision reversing that judgment. Such a use of Rule 60(b) might create a loophole in Torres equal in size to the rule of the case itself. We are mindful, however, that we review decisions of district courts modifying or setting aside judgments under Rule 60(b) only for abuse of discretion, and we believe that there are special circumstances in the present case that support what the District Court did here.
 
 
 5
 All of the originally named defendants are state employees. They have been sued because of actions taken within the scope of their employment. The names of the two defendants who are before us on the present appeal were omitted from the caption on the prior appeal through inadvertence. In drafting the notice of appeal, counsel representing all defendants simply copied the caption from the first page of the District Court docket sheet, overlooking the fact that certain defendants had been added to the case later on by amendment. The arguments made on the prior appeal on both sides are just as applicable to the two omitted defendants as they are to the eight who were named in the notice of appeal. Omission of the names of the two defendants now in question did not prejudice Williams in the least. It did not cause him to omit any arguments or to make any arguments that would not otherwise have been made.
 
 
 6
 Furthermore, if the judgment entered against the two appellants now before us is enforced, the money will be paid by the State, thereby depriving it of the benefit of its success on the previous appeal. These two defendants have been sued both in their official and individual capacities. So far as the official-capacity suit is concerned, naming them was the same thing, in substance, as suing the State. So far as the individual-capacity suit is concerned, the state will still pay the judgment, because there is a statute, Iowa Code Ann. Sec. 669.22, providing for indemnification of state employees who are found liable in these circumstances.
 
 
 7
 It was appropriate, therefore, for the District Court, in the special circumstances here presented, to give these defendants the benefit of the prior judgment, in which we held the District Court's initial ruling against the defendants to have been mistaken. We adhere without question to the rule that parties who are not named as appellants cannot be parties in the Court of Appeals, but we believe that the District Court in the present case did not abuse its discretion by declining to enforce the judgment against these two omitted defendants. We believe that Rule 60(b)(5), which refers to circumstances in which it is no longer equitable that a judgment receive prospective effect, is a sufficient warrant for the action that was taken. It is thus not necessary for us to discuss whether paragraphs (1) or (6) of Rule 60(b) also apply.
 
 
 8
 Accordingly, the order of the District Court denying Williams's motion for enforcement of the judgment and granting the two appellants' motion to set it aside is
 
 
 9
 Affirmed.
 
 
 
 *
 The Hon. Michael J. Davis, United States District Judge for the District of Minnesota, sitting by designation
 
 
 [1]
 The Hon. Donald E. O'Brien, Senior United States District Judge for the Northern and Southern Districts of Iowa