67 F.3d 303
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Charles Erwin ASKEW, Appellant,
v.
Major Danny HEFLIN, Maximum Security Unit, Arkansas
Department of Correction, Appellee.
 No. 95-1939
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Sept. 12, 1995
Filed: Sept. 22, 1995
 
 Before BOWMAN, BEAM, and MURPHY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Arkansas inmate Charles Erwin Askew appeals from the district court's[1] order granting defendant summary judgment in his 42 U.S.C. Sec. 1983 action. After de novo review, we affirm.
 
 
 2
 While Askew was under a sentence of punitive isolation for conduct violations at the Cummins Unit, he was transferred to the Maximum Security Unit (MSU). Askew claimed that Major Danny Heflin violated his due process rights by placing him directly in punitive isolation when he arrived at MSU. Relying on an institutional policy directing that punitive time was to be completed at the unit where the disciplinary action was taken, Askew asserted that his punitive-isolation sentence had terminated upon his transfer. He did not, however, contest the validity of the discipline imposed at Cummins.
 
 
 3
 Askew has no constitutional right to remain in a particular institution. See Murphy v. Missouri Dep't of Correction, 769 F.2d 502, 503 (8th Cir.1985) (per curiam). Despite the cited policy, there is no indication that serving his punitive-isolation sentence at MSU rather that at Cummins "impose[d] atypical and significant hardship on [Askew] in relation to the ordinary incidents of prison life." See Sandin v. Connor, 115 S. Ct. 2293, 2300 (1995); see also Meis v. Gunter, 906 F.2d 364, 369 (8th Cir.1990) (violation of state law, without more, is not equivalent to violation of Fourteenth Amendment), cert. denied, 498 U.S. 1028 (1991).
 
 
 4
 We also note that Askew failed to present any evidence to show he was in fact similarly situated to other inmates he alleged were released into the general population. See Abdullah v. Gunter, 949 F.2d 1032, 1037 (8th Cir.1991), cert. denied, 504 U.S. 930 (1992). We thus conclude that summary judgment was properly granted.
 
 
 5
 The judgment is affirmed.
 
 
 
 [1]
 The Honorable George Howard, Jr., United States District Judge for the Eastern District of Arkansas, adopting the report and recommendation of the Honorable John F. Forster, Jr., United States Magistrate Judge for the Eastern District of Arkansas