139 F.3d 901
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Fabio A. DIAZ, Plaintiff-Appellant,
v.
Lori DITMER, Daniel R McBride, and Roger Deutcher,
Defendants-Appellees.
 No. 96-1946.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 19, 1998[1].
Decided Mar. 3, 1998.
 
 Appeal from the United States District Court for the Northern District of Indiana, South Bend Division. No. 3:93cv608 AS Allen Sharp, Chief Judge.
 Before Hon. THOMAS E. FAIRCHILD, Hon. FRANK H. EASTERBROOK, Hon. DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 In 1993, the Conduct Adjustment Board found Indiana inmate[2] Fabio A. Diaz guilty of operating an extortion and blackmail scheme in prison. He was deprived of 180 days' good time credit, demoted one credit time level, and sentenced to one year in segregation. Diaz filed both a petition for writ of habeas corpus, the denial of which we reversed in an earlier appeal, and a civil rights complaint, which is before us now on appeal from the district court's grant of summary judgment in favor of defendants, various prison officials.
 
 
 2
 In the previous habeas corpus appeal, decided while the civil rights case remained pending in the district court, we held that the Conduct Adjustment Board's verdict was not sufficiently supported by the evidence and we reversed the denial of habeas corpus relief. Diaz v. McBride, No. 94-1136, 1995 WL 338886 (7th Cir. June 6, 1995) (unpublished order). Consequently, Diaz is not precluded by Edwards v. Balisok, 520 U.S. 641, ---- - ----, 117 S.Ct. 1584, 1588-89, 137 L.Ed.2d 906 (1997), from pursuing a civil rights action for damages.
 
 
 3
 While the habeas case was pending on appeal, the district court converted the civil rights complaint into a petition for habeas corpus, 28 U.S.C. § 2254, because Diaz sought the reinstatement of earned credit time. Following the subsequent decision by this court in the habeas appeal in No. 94-1136, Diaz moved to vacate the conversion ruling and the district court, based on our ruling in No. 94-1136, granted the motion, permitting the case to proceed once again as a civil rights case.
 
 
 4
 In the complaint filed in the civil rights action now before us in this appeal, Diaz alleged only that he was denied procedural due process by the defendants when he was not allowed to call certain witnesses at the CAB hearing, relying on Forbes v. Trigg, 976 F.2d 308 (7th Cir.1992). It was not until we issued the decision in No. 94-1136 that Diaz argued in the district court that now he had the right to seek monetary damages for the wrongful disciplinary conviction, confinement in segregation, and the resulting delay in his release from prison.
 
 
 5
 Diaz's civil rights claim did not arise until the disciplinary conviction was found invalid. Edwards v. Balisok, 520 U.S. 641, ----, 117 S.Ct. 1584, 1587, 137 L.Ed.2d 906 (1997). See also Heck v. Humphrey, 512 U.S. 477, 489, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). At the point when Diaz filed his § 1983 action, it was premature. See Del Raine v. Carlson, 826 F.2d 698, 701 (7th Cir.1987) ("The source of the mistake is in the dual nature of many prisoner suits, including this one. Suppose ...that a state prisoner wants (1) to be released from custody because the custody violates his federal constitutional rights and (2) to receive damages for the time he has spent in this illegal custody. The first part of the suit would be a suit for habeas corpus under 28 U.S.C. § 2254.... The second part of the suit would be a tort suit under ... 42 U.S.C. § 1983."). The prematurity is no longer an objection, however, since our decision in No. 94-1136 invalidated the disciplinary conviction. As a result, we proceed to review what occurred in the district court after the decision in No. 94-1136 was announced, when the district court once again converted the case and permitted it to proceed as a civil rights suit.
 
 
 6
 The case must be remanded because the district court did not rule on the damages claim. The district court, without making an explicit ruling, addressed the merits of some of the issues raised in Diaz's summary judgment motion and other pro se filings, but ignored the damages issue. The district court simply noted in its summary judgment decision that although "the only issue raised by Mr. Diaz in his complaint is one challenging" the availability of witnesses, he raised several other procedural due process issues in his motion for summary judgment, and he "alleges that he has suffered prejudice and damages by virtue of the due process violations" found in No. 94-1136. Without further comment, the court then went on to address the merits of all the claims listed in the summary judgment motion--except for the damages claim. The damages claim must be resolved. As a result, we must reverse and remand the case to permit further proceedings. Cf. Del Raine, 826 F.2d at 701 (in prior appeal, we "remanded the case with directions that the district court consider Del Raine's request for expungement and damages").
 
 
 7
 In regard to the merits of the procedural due process claim that Diaz was unfairly denied the opportunity to present several witnesses, we found in No. 94-1136 that there could be no finding of a constitutional violation, because Diaz had waived the issue by agreeing to go ahead with the hearing absent the witnesses. Defendants argued in the district court that our ruling in No. 94-1136 precludes, under either the doctrine of collateral estoppel or res judicata, the due process claim raised in the civil rights case. The district court found (and the defendants agree) that our finding with regard to the witnesses claim was probably "dicta," since the basis of our reversal was insufficiency of the evidence. The district court found "very compelling" an argument that our finding in No. 94-1136, coupled with the district court's decision in the habeas corpus case, "creates a sort of final judgment," but found that it "ha[d] trouble 'hanging its hat' on such an argument." It concluded that there was no prior final judgment on the merits, and thus no preclusive effect to our decision.
 
 
 8
 Our conclusion in that appeal that no constitutional violation could be found from the refusal to permit these witnesses was not dicta, and cannot simply be ignored. It was a live issue confronting the court that was decided. Certainly a party who wins a prior judgment can be bound by an adverse finding in that judgment. See generally 18 Wright, Miller and Cooper, Federal Practice and Procedure § 4421 (1981). It is possible that the district court's confusion stems from the fact that it believes we remanded only because the district judge in the habeas corpus proceeding had failed to address the issue of sufficiency of the evidence: "In an unpublished decision, the Seventh Circuit reversed this court's decision and remanded the petition because this court did not address the sufficiency of the evidence issue." We did not remand in No. 94-1136 with instructions to consider the sufficiency of evidence issue. After discussing the evidence before the board, we expressly held: "Without some evidence linking Diaz with the extortion money or the threats, the decision of the board is not supported by 'some evidence.' Thus, the case must be reversed and remanded." Diaz v. McBride, No. 94-1136, 1995 WL 338886 at * 8 (citation omitted). If, as the district court in this case stated, we merely remanded to permit consideration of the sufficiency of evidence issue, it would mean that the disciplinary conviction was not set aside in No. 94-1136, and it clearly was.
 
 
 9
 Consequently, ruling on the witnesses issue was not dicta, since on remand, in addition to the remedies of expungement of the record and restoration of good time credits, Diaz could now seek damages in a civil rights suit. The question of which constitutional violations occurred (insufficient evidence or refusal to call witnesses) might directly affect not only questions of qualified immunity, but also the question of what harm was suffered, what remedies were appropriate, and if monetary damages were to be awarded, how much. Cf. Moran v. Farrier, 924 F.2d 134 (8th Cir.1991) (affirming award of $250 in damages for detention resulting from hearing where prison officials arbitrarily refused to call witnesses at disciplinary hearing); Patterson v. Coughlin, 905 F.2d 564 (2d Cir.1990) (inmate is entitled to at least nominal damages where there has been a clear denial of due process; reversing summary judgment awarding $100 for each day in segregation and remanding for trial to establish proper amount of damages, a factual question, suffered as a result of wrongful confinement in segregation after inmate was not allowed to call witnesses at disciplinary hearing).
 
 
 10
 We now reverse the district court's grant of summary judgment in favor of defendants and remand for further proceedings, including an assessment of damages, or whether Diaz suffered any actual harm from the wrongful disciplinary conviction. For example, proof may be required on Diaz's claim that the constitutional violations delayed his release from prison. The scope of the proceedings may be defined by, if the district court deems it appropriate, any reformulated pleadings. Of course, in managing the case, the district court will have to take into consideration the fact that Diaz has now been deported to Santo Domingo, Dominican Republic.
 
 
 11
 Finally, contrary to Diaz's assumption, the complaint was never dismissed for failure to state a claim; instead, it was decided on the basis of the summary judgment proceedings. He is perhaps confused by defendants' motion for judgment on the pleadings, see Fed.R.Civ.P. 12(c), filed early in the proceedings, asking for dismissal based on Heck v. Humphrey, to which the district court responded not by granting the motion, but by converting the civil rights case to a habeas corpus proceeding.
 
 
 12
 Accordingly, the judgment of the district court is REVERSED and REMANDED for further proceedings consistent with this decision.
 
 
 
 [1]
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f)
 
 
 [2]
 Diaz is no longer an inmate, he was deported when he finished serving his sentence