STATE of Missouri ex rel. DIVISION OF ADULT INSTITUTIONS, DEPARTMENT OF CORRECTIONS AND HUMAN RESOURCES, Myrna E. Trickey, Michael L. Kemna, Donna Kay Brown, Mary B. Brundage, and Sharon Hefele, Relators,

v.

The Honorable John C. BRACKMAN, Circuit Judge, Twentieth Judicial Circuit, Division 1, Respondent.

No. 53694.

Missouri Court of Appeals, Eastern District, Division Six.

Oct. 1, 1987.

William L. Webster, Atty. Gen., John W. Simon, Asst. Atty. Gen., David C. Mason, Gen. Counsel, Dept. of Corrections and Human Resources, Jefferson City, for relators.

Frank W. Carlson, Carlson & Associates, Union, for respondent.

CARL R. GAERTNER, Presiding Judge.

This is an original proceeding in prohibition to prohibit the respondent, Honorable John C. Brackman, from proceeding further in an action brought by an inmate of the Pacific, Missouri Correctional Center to restrain his reclassification and administrative transfer to another correctional institution. We have jurisdiction. Art. V, § 4, Mo. Const. We have heretofore issued our permanent writ and this opinion supports and supplements that order.

The issues presented in this original proceeding are whether the officials of the Department of Corrections may reclassify and administratively reassign an inmate to another correctional facility within the state without complying with the provisions relating to a "contested case" under the Administrative Procedure Act, Chapter 536, RSMo. 1986, and whether notice and hearing are to be accorded the inmate prior to administrative transfer. We resolve both issues in the negative.

This proceeding began on August 20, 1987, when James L. Anding, an inmate of the Missouri Eastern Correctional Center in Pacific filed, in Franklin County, his "Petition For Judicial Review of Administrative Decision." Mr. Anding sought administrative review of a decision of the officers of the Department of Corrections to reclassify him and administratively transfer him to the Missouri Training Center For Men in Randolph County. Relators, the State of Missouri through the Division of Adult Institutions of the Department of Corrections and its officers, filed a motion to dismiss the "petition" for review of an administrative decision on the grounds that the respondent lacked jurisdiction over the subject matter, and because the petition failed to state a claim upon which relief may be granted since there was no contested case within the meaning of Chapter 536, RSMo. 1986.

Previously on July 7, 1987, Mr. Anding had filed a civil rights complaint in the United States District Court for the Eastern District of Missouri against the relators seeking to assert the same or similar rights which he alleges were violated by the relators, including transfer to a less desirable institution.

The motion to dismiss the petition for administrative review was heard, and at the conclusion of the arguments, respondent set a schedule for briefing and set the

matter for further argument on September 29, 1987. Respondent then orally ordered relators not to transfer the inmate until after September 29. Respondent characterized the order as a "TRO" and made a docket entry that "Anding to stay in Pacific until 9–29–87."

On September 3, 1987, relators filed in this court their petition for a writ of prohibition against respondent seeking to prohibit respondent from entertaining the petition for judicial review of the administrative decision to reclassify and transfer. Suggestions were filed both in support of and in opposition to the petition. In his "Suggestions in Opposition to Petition for Prohibition", respondent argued that he had not exceeded his jurisdiction because: (1) his actions were merely an attempt to determine his jurisdiction in an orderly fashion; and (2) the issue raised by relators in their petition can be preserved and presented on direct appeal from a final judgment in the matter. After the petition and suggestions were filed, we issued our permanent writ on September 11, 1987.

■ The jurisdictional question is resolved against respondent. Prohibition is not inappropriate merely because relators can preserve and raise the issue of the trial court's lack of jurisdiction on appeal. *State ex rel. Sisters of St. Mary's v. Campbell,* 511 S.W.2d 141, 149 (Mo.App. 1974). Prohibition is proper to prevent the exercise of non-existent jurisdiction which includes ordering the trial court to dismiss a complaint over which it has no jurisdiction. *State ex rel. Eagle Oil Co. v. Tillman,* 712 S.W.2d 20, 23 (Mo.App.1986); see also, *Enke v. Anderson,* 733 S.W.2d 462, 465 (Mo.App.1987). Where the petition reveals that the pleader has not and can not state a cause of action to give the circuit court jurisdiction, then prohibition will lie. *Sister's of St. Mary's,* supra at 148.

The petition for review of the administrative decision in the underlying matter seeks "judicial review" of an institutional decision to reclassify and administratively transfer an inmate to another correctional institution within the state. The petition for review attempts to invoke the subject matter jurisdiction of the circuit court by alleging that the process by which the Division of Adult Institutions assigns and reassigns state inmates to institutions within the division is a "contested case" subject to judicial review under §§ 536.010(2) and 536.063–140 (1986). Section 536.010 defines a "contested case" as a proceeding before an agency in which legal rights, duties or privileges of specific parties are required by law to be determined after hearing.

■ The adjustment committee of the division of adult institutions is not an "agency" within the meaning of § 536.-010(5), and the decision to make an administrative transfer is not a "contested case" within the meaning of Chapter 536. A "contested case" contemplates an adversary hearing. *St. Louis County v. State Tax Com'n,* 608 S.W.2d 413, 414 (Mo. banc 1980). In order for there to be a "contested case" within the meaning of the Administrative Procedure Act, providing for judicial review of an agency decision in a contested case, a prior hearing requirement must be imposed by statute, municipal charter ordinance or constitutional provision. *Walker v. Personnel Advisory Bd. of State,* 670 S.W.2d 1, 3 (Mo.App.1984). See also *State ex rel. Walmar Investment Co. v. Mueller,* 512 S.W.2d 180, 182–183 (Mo.App.1974). We can find no statute or state regulation, which requires an adversarial hearing before an inmate may be transferred from one institution to another within the state.

The next issue, then, is whether any constitutional provision requires a hearing before the Department of Corrections may make a decision to transfer an inmate. *Walker,* supra at 3. In *Meachum v. Fano,* 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976) and *Montanye v. Haymes,* 427 U.S. 236, 96 S.Ct. 2543, 49 L.Ed.2d 466 (1976), the Supreme Court of the United States held that an intrastate transfer of a prisoner does not directly implicate the Due Process Clause. The Court stated in *Meachum,* that the Due Process Clause does not in and of itself protect a duly convicted prisoner against transfer from one institu-

tion to another within the state prison system. 427 U.S. at 225, 96 S.Ct. at 2538.

There is ample authority for the proposition that an inmate enjoys no constitutional right to remain in a particular institution and generally is not entitled to due process protections prior to an administrative transfer. *Meachum v. Fano, supra* 427 U.S. at 225–228, 96 S.Ct. at 2538–2540; *Murphy v. Missouri Dept. of Correction,* 769 F.2d 502 (8th Cir.1985) and numerous cases cited therein. *Montanye v. Haymes,* 427 U.S. 236, 96 S.Ct. 2543, 49 L.Ed.2d 466 (1976).

The facts in this case are similar to those in *Williams v. Walls,* 744 F.2d 1345 (8th Cir.1984). After finding that no state statute, regulation or practice placed any substantial limitation on Missouri's discretion to transfer inmates, the court upheld the dismissal of appellant's complaint which alleged that his transfer from a minimum security prison to a maximum security prison violated his rights under the Due Process Clause. *Id.* at 1346.

While these federal decisions deal with § 1983 actions, they stand generally for the proposition that a state inmate is not entitled to notice or a hearing prior to an administrative intrastate transfer. The federal claim filed by Mr. Anding is a separate, distinct and independent action and, of course, we do not and cannot address the merits of that claim. A distinction exists between Anding's claim of any violation of a federal constitutional right and his right to review of an administrative decision under Chapter 536, RSMo. We rule only the latter.

Prison administrators should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and maintain security, and are given broad administrative and discretionary authority over the institutions they manage. § 217.350, RSMo 1986. Since a hearing is not required before the Department of Corrections can transfer an inmate from one correctional institution to another within the state, the decision to transfer Mr. Anding was not a "contested case" as defined in § 536.010.2, RSMo 1986, and

therefore, is not subject to judicial review in the circuit court.

The permanent writ of prohibition heretofore issued on September 11, 1987 is reaffirmed. Respondent is directed to vacate any order restraining relators from transferring the inmate from the Missouri Eastern Correctional center and to dismiss the inmate's petition in the action No. CV–187–675CC pending in the circuit court of Franklin County.

GRIMM, J. and SIMEONE, Senior Judge, concur.