**Charles L. SMITH, Appellant,**

v.

**MISSOURI STATE BOARD OF PROBATION & PAROLE, Respondent.**

**No. WD 39849.**

Missouri Court of Appeals, Western District.

Jan. 12, 1988.

Charles L. Smith, pro se.

William L. Webster, Atty. Gen., Gary L. Gardner, Asst. Atty. Gen., Jefferson City, for respondent.

Before LOWENSTEIN, P.J., and MANFORD and NUGENT, JJ.

MANFORD, Judge.

Appellant, an inmate of the Missouri Eastern Correctional Center at Pacific, St. Louis County, Missouri, appeals pro se from an order of the circuit court dismissing appellant's "Petition for Review of Administrative Agency's Decision and Declaratory/Injunctive Relief to Enjoin Arbitrary, Capricious and Unreasonable Decision Relating to Parole Based Upon Erroneous and Inaccurate Information."

Appellant filed his petition pro se, alleging that the decision of respondent was arbitrary, capricious and unreasonable because it was based upon inaccurate and erroneous information that appellant had a prior conviction for attempted aggravated rape. Appellant further stated that his petition for review was filed pursuant to Chapter 536, RSMo 1986 (specifically § 536.100 and 536.110), pertaining to judicial review of administrative agency decisions. Appellant prayed for injunctive relief enjoining respondent from considering inaccurate and erroneous information in matters of parole decision-making affecting appellant.

The circuit court entered its order summarily dismissing appellant's petition for the reason that the petition stated no set of facts which, if true, would entitle appellant to the relief prayed for. It is from this order that appellant appeals.

Appellant raises two points which, in summary, charge that the trial court erred in dismissing the petition because (1) the petition does state facts which if true, would entitle him to the relief prayed for, and (2) the circuit court should have at least required a responsive pleading from respondent.

This court dismisses the appeal for lack of jurisdiction.

Appellant's attempt to invoke jurisdiction pursuant to Chapter 536 is without merit. Section 217.670.3 states: "The orders of the board shall not be reviewable except as to compliance with the terms of sections 217.650 to 217.810 or any rules promulgated pursuant thereto."

The rules governing parole eligibility hearings and reviews are found in 14 CSR 80–2.010. Subsection (9)(A) states:

An inmate may appeal an adverse parole release decision. This appeal must be in writing on forms provided and filed within thirty (30) days after the decision on which the appeal is based. The appeal shall be considered by the board within thirty (30) days of receipt of the appeal, and the inmate will be advised of the board's decision as soon as the notice can be prepared and delivered. If no appeal is filed within thirty (30) days of the entry of the original decision, this decision shall stand as final.

The subsection then lists a number of different grounds upon which appeals may be based.

The record on appeal does not indicate whether appellant filed an appeal pursuant to 14 CSR 80–2.010(9)(A), however respondent indicates that he has. If that is the case, then appellant has exhausted his remedies. If appellant has failed to so appeal, then he is now precluded from doing so in that the 30–day filing period has expired.

Appellant argues that despite the prohibition for review under § 217.670.3, he is entitled to judicial review pursuant to § 536.100, which states:

Any person who has exhausted all administrative remedies provided by law and who is aggrieved by a final decision in a contested case, whether such decision is affirmative or negative in form, shall be entitled to judicial review thereof, as provided in sections 536.100 to 536.140, unless some other provision for judicial review is provided by statute; ...

A contested case is defined as "a proceeding before an agency in which legal rights, duties or privileges of specific parties are required by law to be determined after hearing." § 536.010(2). Although § 217.690.2 requires that a hearing be given to any inmate who properly files an application for parole, a "contested case" within the meaning of § 536.100 is not every case in which a hearing is required. *St. Louis County v. State Tax Commission*, 608 S.W.2d 413, 414 (Mo. banc 1980). The element of adversity is essential to the meaning of "contested case" as that term is used in § 536.100. *See City of Richmond Heights v. Board of Equalization of St. Louis County*, 586 S.W.2d 338, 342–43 (Mo. banc 1979).

In determining parole eligibility, an inmate must appear before and be interviewed by the Board. At this hearing, the inmate is allowed the opportunity to present his or her own version of the of-

fense; discuss his or her own problems and needs; discuss his or her progress toward rehabilitation; present his or her reasons as to why he or she should be paroled; and present his or her plans for the future. The Board has the opportunity to review all available and pertinent reports and materials; review the inmate's institutional adjustment, conduct and progress; and evaluate the inmate as a person. 14 CSR 80–2.-010(1).

As evidenced by the above, the relationship between the inmate and the Board is supervisory in nature, not adversarial. It must be presumed that the General Assembly recognized this relationship in the enactment of § 217.670.3. As a rule, courts should restrict access to judicial review only if there is clear and convincing evidence that the legislature intended this result. *See Grasso v. United States,* 535 F.Supp. 309, 312 (E.D.Mo.1982), aff'd, 716 F.2d 907 (8th Cir.1983). It is clear that the legislature did not intend the Administrative Procedure and Review Act (Chapter 536) to confer jurisdiction to review Board decisions where the regulatory statute itself precludes judicial review. *See Lloyd A. Fry Roofing Co. v. United States E.P.A.,* 554 F.2d 885, 889 (8th Cir.1977).

The circuit court lacked jurisdiction to review respondent's decision and therefore did not err in summarily dismissing appellant's petition. Since this court's jurisdiction is no greater than the circuit court's, the appeal must be dismissed. *Ortega v. Ortega,* 695 S.W.2d 162, 163 (Mo.App.1985).

The appeal is dismissed.

All concur.