STATE of Missouri ex rel., Cranston, MITCHELL and Dick D. Moore, Relators,

v.

Honorable David A. DALTON, Respondent.

No. 60395.

Missouri Court of Appeals, Eastern District, Division Four.

May 19, 1992.

William L. Webster, Atty. Gen., Christine A. Alsop, Asst. Atty. Gen., Jefferson City, for relators.

John C. Maxwell, St. Charles, for respondent.

SATZ, Judge.

This is an action in prohibition. In the underlying action below, plaintiff, Bruce Morris (Morris), filed a petition pursuant to our Administrative Procedure and Review Act (Act), Chapter 536, in the court of the respondent judge, seeking a review of the denial of parole by the Missouri Board of Probation and Parole (Board). Morris joined the Chairman of the Board (Chairman) and the Director of the Missouri Department of Corrections (Director) as defendants. The Chairman and the Director, relators, seek our writ to prohibit the respondent from proceeding with the review on the grounds, among others, that respondent's court lacks jurisdiction to hear the review or, in the alternative, that the court is not the proper venue. We issued our preliminary writ and now make it permanent.

In his petition for review, Morris makes the following allegations. He was convicted of manslaughter, sentenced and is presently confined. Apparently, after a hearing before a hearing panel, the type of hearing not described in the petition, the panel declined to grant him a parole but scheduled a reconsideration hearing in November, 1992. He filed an administrative appeal with the Board, which, apparently, was denied.

He also alleges the Board violated a statutory requirement by failing "to make a finding of fact [on whether he is] able and willing to fulfill the obligations of a law-abiding citizen ...", and, in addition, violated several of its rules and regulations. The "decision" of the Board, he alleges, was "in excess of the statutory authority ..., was unsupported by competent and substantial evidence ..., ..., was made upon unlawful procedural grounds and without a fair hearing, ... [and was] an abuse of the [Board's] discretion."

### Procedural Issue

■ Respondent contends prohibition is not the proper process to use to challenge his ruling. We disagree. Prohibition may be used to challenge a trial court's jurisdiction *e.g., Enke v. Anderson,* 733 S.W.2d 462, 465 (Mo.App.1987), or its venue. *E.g., State ex rel Hails v. Lasky,* 546 S.W.2d 512, 514. (Mo.App.1977).

### Constitutional Issues

Article V, § 18 of the Missouri Constitution provides that "[a]ll final decisions ... [of] any administrative officer or body ..., which are judicial or quasi-judicial and affect private rights, shall be subject to direct review by the courts as provided by law;...." Mo. Const.1976. None of the parties address the effect of this provision on the facts here. We abide by their choice and do not address this constitutional issue.

Moreover, there is no contention made that Morris has a protected liberty interest in parole created by statute, rule, regulation, practice or custom. *See, e.g., Maggard v. Wyrick,* 800 F.2d 195 (8th Cir.1986).

Thus, we do not address the issue of whether Morris has a due process right to review. *Id.*

### Jurisdiction

Morris expressly bases his petition for judicial review on "Chapter 536", the Act. Respondent contends his court has jurisdiction to conduct this review for two, apparently, interrelated reasons: (1) the administrative "hearing" before the Board was a "contested case" within the meaning of the provisions of § 536.100 RSMo 1991 Supp.,[1] which permits judicial review of such cases, and (2) judicial review of Board decisions is permitted by the regulatory statutes governing the Board, in particular, § 217.670.3. Neither reason has merit.

### Administrative Procedure Act Section 536.100

■ Judicial review of actions of certain administrative agencies is provided by Chapter 536. Morris bases his petition for review on § 536.100 which provides for judicial review of a final decision of an administrative agency in a "contested case". Respondent contends the Board's decision here was made in a "contested case". The Board contends it was not. We agree with the Board.

A "contested case" before an administrative agency is defined by statute as "a proceeding before an agency in which legal rights, duties or privileges of specific parties are required by law to be determined after hearing." § 536.010(2). Our courts, however, have added to this definition but, in doing so, have not been uniform or consistent. *See,* Comment, *Redefining the Contested Case in the Missouri Administrative Procedure Act,* 55 Mo.L.Rev. 975 (1990). In this opinion, we use those elements most often added to the literal statutory definition and agreed to by most of our courts.

Our Supreme Court has said that not every case in which there is a contest about rights, duties or privileges is a "contested case", even though a hearing may be held.

**1.** All statutory references are to RSMo 1991 Supp., unless otherwise stated.

*E.g., City of Richmond Heights v. Bd. of Equalization,* 586 S.W.2d 338, 342 (Mo. banc 1979). Moreover, in using the term "hearing" in § 536.100, the General Assembly contemplated an "adversary hearing", *Id.* at 342–43, and, thus, the element of adversarial parties is essential to the definition of a "contested case". *St. Louis County v. State Tax Comm'n.,* 608 S.W.2d 413, 414 (Mo. banc 1980). More specifically, an adversary hearing is "a contest of opponents favoring divergent results in the decision to be made by the agency." *Benton–Hecht Moving & Storage, Inc. v. Call,* 782 S.W.2d 668, 671 (Mo.App.1989). Some procedural indicia of the adversarial nature of a "contested case" are a hearing, required notice to all necessary parties, the use of only sworn testimony, the parties' right to call and examine witnesses and to cross-examine opposing witnesses, and evidentiary rules. §§ 536.063–536.090; *City of Richmond Heights, supra,* 586 S.W.2d at 342; *Welsch v. Dept. of Elem. and Secondary Education,* 731 S.W.2d 450, 453 (Mo.App.1987).

Although the details of the "hearing" held by the Board in this case are not before us, the hearing contemplated by the statutes governing the Board, §§ 217.650 to 217.810, and the rules and regulations of the Board, 14 CSR 80–2.010 to 14 CSR 80–2.050, does not meet the minimum indicia of a "contested case". To be sure, § 217.-690.2 requires the Board to have the offender appear before it, and, thus, an offender is to be given "written notice" of the date set for hearing. 14 CSR 80–2.010(3)(B) 2. The victim or a representative of the victim has a right to be at the hearing and must be notified of the hearing. 14 CSR 80–2.010(7)(A) 3. The prosecuting attorney may attend the hearing, but the prosecuting attorney is not given notice unless he or she requests it. 14 CSR 80–2.010(7)(A) 3, 4.

In addition, the offender may make a statement and may have a representative at the hearing, who may make a statement on the offender's behalf, may ask questions and may provide additional information if requested by the hearing panel. 14 CSR 80–2.010(7)(A) 1. The victim and the prose-cuting attorney may "present information ... in opposition to the parole release." 14 CSR 80–2.010(7)(A) 3.

Several essential indicia of an adversary hearing, however, are missing. The Board is granted discretion to release an offender on parole "[w]hen in its opinion there is reasonable probability that an offender ... can be released without detriment to the community or to himself ...", § 217.690.1; the Board may order parole only in the best interest of society, § 217.690.2; and the Board may place the offender "on parole only when the board believes that he is able and willing to fulfill the obligations of a law-abiding citizen." *Id.* Thus, the Board, in effect, represents society and determines what is in society's best interest.

Moreover, the "hearing" before the Board is also referred to as an "interview" of the offender, § 217.690.2, and the "evidence" relied upon by the Board is neither sworn testimony nor testimony tested by cross-examination. Evidence is presented by statements of the offender, his or her representative, the prosecutor or the victim. The nature of the presentation is contemplated to be a discussion of the offender's offense, his or her problems and needs, his or her progress toward rehabilitation, his or her plans for the future and reasons why he or she should or should not be paroled. 14 CSR 80–2.010(1)(A), (3) and (7).

In addition, the Board still must determine whether a parole would be in the best interest of society. Thus, its relationship to the offender is "supervisory in nature, not adversarial." *Smith v. State Bd. of Probation and Parole,* 743 S.W.2d 123, 125 (Mo.App.1988); *see, e.g., City of Richmond Heights, supra,* 586 S.W.2d at 343, n. 3.

Furthermore, the notification required to be given to the victim and, if requested, to the prosecuting attorney does not make the parole hearing adversarial. Neither the victim nor the prosecuting attorney is required to appear, and, if neither one does appear, the Board is not required to grant a parole by default. The victim's interest

in the offender's parole may be an opposing interest in common parlance, but it is not an adversarial interest in legal parlance. The victim may have a personal interest in the offender not obtaining a parole, that of punishment or retribution. But, no legal right or privilege of the victim is in issue at the parole hearing. The victim does not have a personal legal right to have the offender confined rather than paroled, and no personal legal right of the victim is violated if the offender is granted parole.

Respondent cites *State ex rel Div. of Adult Institution v. Brackman*, 737 S.W.2d 516 (Mo.App.1987), for his contention that § 536.100 contemplates a requirement of any type of administrative "hearing" to be a "contested case". Respondent misreads *Brackman*. There, this Court referred expressly to an "adversary hearing" as being the minimal requirement for a "contested case". *Id.* at 518.

None of the parties discuss the effect of § 536.150, which provides for a *de novo* judicial review of a decision by "any administrative officer or body" when that decision "is not subject to administrative review...." This lack of discussion is understandable since § 217.670.2 and 14 CSR 80-2.010(7)(A), (10)(A) do provide for an administrative review by the Board of an initial decision by a designated "hearing panel".

This does not end the matter, however. Respondent may have another string to his bow.

### Section 217.670.3

■ The powers and duties of the Board and the process before it are governed by §§ 217.650 to 217.810. Section 217.670.3 provides that "orders of the board shall not be reviewable except as to compliance with the terms of sections 217.650 to 217.810 or any rules promulgated pursuant to such sections."

Respondent also relies on § 217.670.3 for his court's jurisdiction. Respondent's reasons for this reliance, however, are neither clear nor explicit. We cannot determine whether he relies on this section in connection with § 536.100 and, thus, ultimately relies on his contention that the administrative hearing was a "contested case", or whether he relies on the section as an independent ground for his jurisdiction. We have addressed the former contention. We now address the latter.

In the petition for review, Morris alleges that the Board's substantive determination to deny parole was unreasonable. He also alleges that the Board failed to comply with certain procedures either required by statute or provided for by the Board's own rules and regulations. For example, he alleges the Board failed to share with him any negative information in his parole file and failed to allow him to present his version of the facts of his offense, his problems and needs, his progress and his future plans. Respondent reads § 217.670.3 literally and argues that any failure by the Board to comply with the relevant regulatory statutes or with its own rules and regulations subjects these failures, in particular those pleaded by Morris, to judicial review.

Since the "petition for review" was filed expressly pursuant to "Chapter 536", relators, understandably, respond to this argument by relying on *Smith v. State Bd. of Probation and Parole, supra*. In *Smith*, the trial court dismissed an offender's *pro se* petition filed pursuant to § 536.100, seeking judicial review of the Board's denial of parole. The offender alleged the denial was unreasonable because it was based upon the "erroneous information" that he had a prior conviction of rape. *Smith, supra*, 743 S.W.2d at 124. In affirming the dismissal, the Western District held that the hearing before the Board is not a "contested case" as contemplated by § 536.100, and, in dicta, the Court added that the General Assembly did not intend the Act to confer jurisdiction on the Court to review Board decisions "where the regulatory statute itself [§ 217.670.3] precludes judicial review." *Id.* at 125.

The Court found the relationship between the Board and the offender to be "supervisory in nature, not adversarial", and the Court said:

It is clear that the legislature did not intend the Administrative Procedure and Review Act (Chapter 536) to confer jurisdiction to review Board decisions where the regulatory statute itself precludes judicial review.

*Id.* at 125.

Relators correctly read *Smith* as holding that the Act is not statutory authority for an alleged right to judicial review of Board decisions.

But, respondent points out that in *Smith* the court does not state whether the offender alleged that the Board failed to comply with relevant regulatory statutes and its own rules and regulations, whereas here, respondent states, "Morris has very explicitly raised the issue of Relators' compliance with certain of the regulations and statutes in question, and [Morris's] *Petition for Review* therefore states a cause of action." (Emphasis his).

Respondent, however, does not develop this bald, abstract statement further. Thus, it is not clear whether he is using § 217.670.3 as an independent basis for his court's jurisdiction. More important, he does not justify his free leap from Morris' pleadings to the conclusion that they state a "cause of action". Even assuming respondent's free leap is correct, he does not tell us the nature and scope of this "cause of action" for judicial review. More specifically, he does not tell us why the "review" contemplated, if it is a "judicial review", cannot be fulfilled by either the writ of mandamus or habeas corpus. In short, if respondent is indeed attempting to rely on § 217.670.3 as an independent ground for his court's jurisdiction, his bald, abstract statements do not preserve for our appellate review the issue of the "review" contemplated by that section. *See, e.g.,* Rule 84.04(d); *Steenrod v. Klipsch Hauling Co. Inc.,* 789 S.W.2d 158, 166, 168–69 (Mo.App. 1990); *Boswell v. Steel Haulers, Inc.,* 670 S.W.2d 906, 912 (Mo.App.1984).

Whether judicial review is contemplated by § 217.670.3 and, if so, the nature and scope of that review, are issues which can be resolved only by a lucid analysis of the history and interrelation of Article V, Section 18 and its predecessor Article V, Section 22, of the Missouri Constitution; the Administrative Procedure and Review Act, Chapter 536; and §§ 217.650 to 217.810 and their predecessors in Chapter 549 RSMo 1978. However, as a court, we are obliged to remain impartial. We are not permitted to become a witting or unwitting adversary of relators and to fashion and develop an argument we are not certain respondent has made without affording relators any opportunity to challenge our strange conduct. *Werdehausen v. Union Electric Co.,* 801 S.W.2d 358, 368 (Mo.App. 1990).

■ Finally, even if § 217.670.3 does provide a statutory grant for judicial review independent of the Act, respondent has not shown that venue in his court is proper. Morris filed his petition for review against relators in their official capacities as Director of the Missouri Department of Corrections and Chairman of the Missouri Board of Probation and Parole. Without the specific statutory grant of venue in the Act, § 536.110, venue for actions against state officials is proper in the county where their offices are located and their principal duties are performed. *State ex rel. Wasson v. Schroeder,* 646 S.W.2d 105, 106–107 (Mo. banc 1983); *Payless Pharmacy, Inc. Hoffert,* 589 S.W.2d 623, 625 (Mo.App. 1979). In this case both the Department of Corrections and the Board of Probation and Parole have their central offices in Jefferson City, which is in Cole County. § 217.-080. Therefore, proper venue would be in Cole County, not in respondent's court in St. Charles County.

Accordingly, we make our preliminary writ permanent.

SMITH, P.J., and STEPHAN, J., concur.