**STATE of Missouri, ex rel., MISSOURI DEPARTMENT OF LABOR AND INDUSTRIAL RELATIONS and Missouri Division Of Employment Security, Relators,**

v.

**The Honorable Herbert LASKY, Judge of the 21st Judicial Circuit, Division 19, Respondent.**

No. 73246.

Missouri Court of Appeals,
Eastern District,
Writ Division Five.

Dec. 2, 1997.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 15, 1998.

Application for Transfer Denied
Feb. 24, 1998.

Larry R. Ruhmann, St. Louis, for relators.

James R. Dankenbring, Clayton, for Respondent.

Before SIMON, P.J., and GRIMM and RHODES RUSSELL, JJ.

PER CURIAM.

Relators filed a petition for writ of prohibition, alleging that respondent erroneously failed to dismiss the Varn Company, Inc.'s (Varn) petition to remove an administrative appeal hearing to the jurisdiction of the circuit court and erroneously issued a temporary restraining order staying proceeding of relators. Suggestions in opposition to the issuance of the writ were filed.

As permitted by Rule 84.24, we dispense with a preliminary order, answer, further briefing and oral argument, and issue a peremptory writ of prohibition.

On March 9, 1987, a deputy of the Division of Employment Security (division) determined that subsequent to January 1, 1982, K. Brimer, R. Cole, N. Dille, P. Pulco, F. Bayne, H. Cook, E. Mitchell and others similarly engaged performed services for wages in employment by Varn. From March 1, 1990 to July 5, 1991, the division issued

four assessments involving unpaid employer contributions, interest and penalties against Varn, all of which were timely appealed. From March 20, 1991 to May 25, 1993, various hearings were scheduled and then continued on behalf of Varn and the division. On July 22, 1993, Varn filed "PETITION TO REMOVE ADMINISTRATIVE HEARING TO JURISDICTION OF CIRCUIT COURT OR FOR ORDER REQUIRING STATE AGENCY TO COMPLY WITH STATUTORY MANDATES," in the Circuit Court of St. Louis County, and subsequently, the court ordered the division to hold a hearing as promptly as possible and cooperate in issuing the necessary subpoenas.

Following continuances by consent and as a result of health problems of Varn's principal (principal), the Appeals Tribunal (tribunal) scheduled a hearing for 9 a.m. on June 6, 1994. Shortly after 8 a.m. on that date, Varn's counsel telephoned the tribunal and indicated that he would be bringing a note from principal's physician sometime that morning. Counsel was informed that the case would be called as scheduled. Subsequently, Varn's appeal was dismissed due to its failure to respond to the tribunal's case calls at 9 a.m. and 9:15 a.m. Varn filed applications for review with the Labor and Industrial Relations Commission (commission), and on August 22, 1994, the commission adopted the decisions of the tribunal, dismissing the appeals. Later, Varn filed a request for reconsideration, which the commission granted and issued an Order Granting Reconsideration in each of the appeals involved. Subsequently, the appeal hearings were scheduled for September 16–19, 1997. On or about September 10, 1997, Varn filed "PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION" and "PETITION TO REMOVE ADMINISTRATIVE HEARING TO JURISDICTION OF CIRCUIT COURT," which requested a full and complete hearing by the circuit court under authority of Section 536.100 RSMo 1996 (all further references shall be to RSMo 1996 unless otherwise noted). On September 12, 1997, respondent granted Varn a temporary restraining order halting the hearings. Subsequently, the Missouri Department of Labor and Industrial Relations and the division filed "SPECIAL ENTRY OF APPEARANCE AND MOTION TO DISMISS PETITION TO REMOVE ADMINISTRATIVE HEARING TO JURISDICTION OF CIRCUIT COURT WITH SUGGESTIONS," and on September 23, 1997, following a hearing, respondent denied the motion to dismiss. Relators then filed a petition for a writ of prohibition with suggestions. Respondent filed suggestions in opposition.

Respondent contends that the circuit court has jurisdiction to entertain Varn's petition in accord with Section 536.100. However, respondent's reliance on Section 536.100 is misplaced. Chapter 536 does provide for general administrative review and procedure, but where our legislature provides specifically for judicial review of a particular administrative agency's action, Chapter 536 would not be applicable. *Brogoto v. Wiggins,* 458 S.W.2d 317, 319 (Mo.1970). Here, Chapter 288, "EMPLOYMENT SECURITY," does provide specifically for judicial review, in particular, Sections 288.130(3), 288.160(4), 288.190, 288.200, and 288.210. Further, Supreme Court Rule 100.01 clearly eliminates the applicability of Section 536.100, and Chapter 288 does not contain a similar provision. Thus, respondent lacks jurisdiction to entertain the petition to remove administrative hearing to the circuit court and to entertain Varn's motion for a temporary restraining order. *See also Cole Plastics v. Department of Labor and Indus. Relations,* 606 S.W.2d 504, 506 (Mo.App. 1980).

Peremptory writ is ordered issued. Respondent is directed to dismiss Varn's petition in *The Varn Company, Inc. v. The Missouri Department of Labor and Industrial Relations and The Missouri Division of Employment Security,* Circuit Court of St. Louis County Case No. 97–CC–002969.

PEREMPTORY WRIT ISSUED.