**MFA PETROLEUM COMPANY,**
Appellant,

v.

**DIRECTOR OF REVENUE,**
Respondent.

No. SC 89431.

Supreme Court of Missouri,
En Banc.

March 31, 2009.

Edward F. Downey, Jefferson City, MO, Brenda L. Talent, St. Louis, MO, for Appellant.

Chris Koster, Atty. Gen., Gary L. Gardner, Office of Missouri Atty. Gen., Jefferson City, MO, for Respondent.

RICHARD B. TEITELMAN, Judge.

MFA Petroleum Company over-collected $90,811.14 in sales tax on the sales price of cigarettes. MFA failed to collect $99,039.65 in other sales taxes. The issue is whether MFA can apply the over-collection of sales taxes on the cigarette sales as a credit to the under-collection of other sales taxes. The Administrative Hearing Commission (AHC) concluded that MFA was not entitled to a credit. The AHC's decision is affirmed.

### FACTS

MFA owns and operates convenience stores that sell cigarettes. The director of

revenue conducted an audit of MFA for the tax periods from January 2001 through December 2003. The director determined that, from January 2001 through April 2002, MFA collected sales taxes on the full price of cigarettes charged to customers, which includes the state excise tax. The parties agree that the state excise tax component of the price of cigarettes is not subject to the state sales tax. *See ITT Canteen Corp. v. Spradling*, 526 S.W.2d 11, 20 (Mo. banc 1975). The director determined that MFA remitted the erroneously collected sales taxes to the director and did not attempt to refund this tax to the consumers who paid it. The director also determined that MFA had failed to collect sales taxes on other taxable transactions.

The director issued a final decision requiring MFA to remit the unpaid sales taxes with interest. MFA appealed the director's decision to the AHC. MFA did not contest its liability for the unpaid taxes. Instead, MFA sought a credit for the taxes erroneously collected on the state excise tax on cigarettes. The AHC concluded that MFA is not entitled to a credit and ordered MFA to pay the full amount of uncollected taxes plus interest. MFA appeals.

### ANALYSIS

 This Court has jurisdiction to review the AHC's decision pursuant to Mo. Const. article V, section 3 because the case involves construction of state revenue laws. The AHC's interpretation of revenue laws is reviewed de novo. *DST Sys., Inc. v. Dir. of Revenue*, 43 S.W.3d 799, 800 (Mo. banc 2001). The AHC's factual findings will be upheld if the findings are supported by substantial evidence in the record. *Hampton v. Big Boy Steel Erection*, 121 S.W.3d 220, 223 (Mo. Banc 2003).

Section 144.020,[1] imposes the state sales tax on the retail sale of tangible personal property, including cigarettes. Section 149.015 imposes the state excise tax on the sale of cigarettes. MFA asserts that section 144.190.2 requires the over-collection of sales taxes to be applied as a credit against the under-collection of other taxes. The director asserts that section 149.015.4 prohibits a credit and, instead, requires MFA either to refund the erroneously collected sales taxes to consumers or to remit those taxes to the director.

 When interpreting statutes, the goal is to determine the intent of the legislature from the plain language of the statute. *Spradlin v. City of Fulton*, 982 S.W.2d 255, 258 (Mo. banc 1998). When two statutes cover the same subject matter, the more specific statute governs over the more general statute. *State ex rel. Fort Zumwalt School Dist., v. Dickherber*, 576 S.W.2d 532 536–537 (Mo. banc 1979).

Section 144.190.2 applies to sales taxes and generally requires that an erroneously collected tax be credited on any taxes due. In pertinent part, section 144.190.2 provides:

> If any tax, penalty or interest has been paid more than once, or has been erroneously or illegally collected, or has been erroneously or illegally computed, such sum shall be credited on any taxes then due from the person legally obligated to remit the tax pursuant to sections 144.010 to 144.525[.]

Section 149.015 is specific to the state excise tax on cigarette sales. Subsection 4 of the statute prohibits any "refund of any tax collected and remitted by a retailer upon gross receipts from a sale of cigarettes subject to tax pursuant to this chapter[.]" This provision prohibits a refund

---

1. All statutory references are to RSMo Supp. 2007.

but leaves open the possibility of a credit under section 144.190.2.

Any possibility of a credit was eliminated by the amendment to section 149.015.4 that became effective on February 1, 2002. The amendment provides:

> ... any such tax shall either be refunded to the person who paid such tax or paid to the director. The director may recoup from any retailer any tax illegally or erroneously overcharged or overcollected unless such tax has been refunded to the person who paid such tax.[2]

The reference to "any such tax" refers to a sales tax that, like the sales tax at issue in this case, is collected erroneously on the state excise component of the price of cigarettes. Section 149.015.4 gives two options for remedying the erroneous tax collection: a refund to the consumer or payment to the director. There is no dispute that MFA did not provide a refund to the consumers who paid the taxes. Absent a refund, section 149.015.4 provides that the overpayment is to be paid to the director, and there is no provision for a credit. In this circumstance, the specific provisions of section 149.015.4 preclude the option of a credit, which otherwise would be available under the general provisions of section 144.190.2. The AHC, therefore, correctly found that MFA is not entitled to credit taxes erroneously collected from consumers to offset its liability for other taxes that MFA was obligated to collect.

The decision of the AHC is affirmed.

All concur.

2. The tax periods at issue ended in December 2003. MFA's request for a credit was filed after December 2003. The amendment to section 149.015.4, therefore, applies to this case.