**Robert L. LADD, Appellant,**

v.

**MISSOURI BOARD OF PROBATION AND PAROLE, Respondent.**

**No. WD 70248.**

Missouri Court of Appeals,
Western District.

Nov. 24, 2009.

Robert Lee Ladd, pro se.

John D. Hoelzer, Esq., Jefferson City, MO, for respondent.

Before: ALOK AHUJA, P.J., and JAMES M. SMART and LISA WHITE HARDWICK, JJ.

ALOK AHUJA, Judge.

Robert Ladd appeals the dismissal of his petition seeking judicial review of an adverse decision of the Board of Probation and Parole ("the Board"). The circuit court dismissed Ladd's petition, with prejudice, for lack of subject matter jurisdiction. Ladd asserts that the circuit court had jurisdiction to hear his petition under the Missouri Administrative Procedure Act, Chapter 536, RSMo (the "APA"). We affirm, but modify the judgment pursuant to Rule 84.14 to reflect a dismissal of Ladd's claims without prejudice.

## Factual Background

Ladd was convicted of second-degree murder, first-degree robbery, kidnapping, and two counts of armed criminal action in 1984. We affirmed his convictions in *State v. Ladd,* 926 S.W.2d 92 (Mo.App. W.D. 1996).

Ladd came before the Board for consideration for parole in May of 2008. The Board denied parole based on its determination that releasing Ladd would improperly minimize the seriousness of his crimes and based on his "[u]se of excessive force and violence" in the commission of the offenses. In July 2008, Ladd filed a "Petition for Trial De Novo" in the Circuit Court of Cole County. He asserted that the circuit court had jurisdiction to entertain his petition under the APA. His petition alleged that the Board had abused its discretion in denying him parole, and that its decision was arbitrary, capricious, and not supported by substantial evidence in the record. The Board moved to dismiss, contending that the circuit court lacked subject matter jurisdiction. The trial court granted the Board's motion, and dismissed Ladd's petition with prejudice. This appeal followed.

## Analysis

Generally, this court reviews a dismissal for lack of subject matter jurisdiction for an abuse of discretion. *Mo. Soybean Ass'n v. Mo. Clean Water Comm'n,* 102 S.W.3d 10, 22 (Mo. banc 2003). Where, however, "the facts are uncontested, a question as to subject-matter jurisdiction of a court is purely a question of law, which is reviewed *de novo.*" *Id.*[1]

### I.

Ladd's first three Points Relied On assert on various theories that the Board's parole decisions are subject to judicial review under the APA. We disagree.

### A.

The APA provide a baseline or default system for judicial review of administrative agency decisions. Thus, § 536.100[2] provides:

> Any person who has exhausted all administrative remedies provided by law and who is aggrieved by a final decision in a contested case . . . shall be entitled to judicial review thereof, as provided in sections 536.100 to 536.140, *unless some other provision for judicial review is provided by statute . . . .*

*Charter Commc'ns, Inc.,* 290 S.W.3d 721, 724 (Mo. banc 2009); *Lynch v. Lynch,* 260 S.W.3d 834, 836 (Mo. banc 2008).

1. As explained *infra* § III, we question whether the grounds supporting dismissal of Ladd's petition involve a lack of subject matter jurisdiction, or instead his failure to state a claim on which relief could be granted. Even if treated as a dismissal for failure to state a claim, however, we would review the trial court's ruling *de novo. See, e.g., Huch v.*

2. Statutory references are to the Revised Statutes of Missouri (RSMo) 2000 and Cum.Supp. 2008.

(Emphasis added.) Similarly, § 536.150.1 provides for judicial review in noncontested cases:

> When any administrative officer or body ... shall have rendered a decision which is not subject to administrative review, determining the legal rights, duties or privileges of any person, ... *and there is no other provision for judicial inquiry into or review of such decision,* such decision may be reviewed by suit for injunction, certiorari, mandamus, prohibition or other appropriate action....

(Emphasis added.)

■ Speaking generally, the APA's judicial review provisions are applicable where an agency's organic statutes are silent as to judicial review of its decisions, or where the organic statute fails to address particular procedural issues. *Deffenbaugh Indus., Inc. v. Potts,* 802 S.W.2d 520, 524 (Mo.App. W.D.1990) ("where the special statute lacks a detail of procedure necessary to the effective function of judicial review, the general provisions of §§ 536.100 to 536.140 are consulted to supply the inadequacy"). The APA's judicial review provisions do not mandate the exclusive means for review of agency decisions, but instead "fill in gaps in administrative procedures." *State ex rel. Noranda Aluminum, Inc. v. Pub. Serv. Comm'n,* 24 S.W.3d 243, 245 (Mo.App. W.D.2000).

■ Thus, "where our legislature provides specifically for judicial review of a particular administrative agency's actions, Chapter 536 would not be applicable."

*State ex rel. Mo. Dep't of Labor & Indus. Relations v. Lasky,* 959 S.W.2d 872, 873 (Mo.App. E.D.1997). "Where a specific statute exists concerning judicial review of administrative procedures, it is to be followed exclusive of the general provisions for judicial review of administrative decisions found in Chapter 536." *Hundley v. Wenzel,* 59 S.W.3d 1, 4–5 (Mo.App. W.D. 2001).

■ Here, the Board's powers, duties, and procedures are set forth in §§ 217.650 to 217.810. *State ex rel. Mitchell v. Dalton,* 831 S.W.2d 942, 945 (Mo.App. E.D. 1992). Limited review of the Board's decisions is provided in § 217.670.3: "The orders of the board shall not be reviewable except as to compliance with the terms of sections 217.650 to 217.810 or any rules promulgated pursuant to such section." Because it specifically addresses the scope of review of decisions of the Board of Probation and Parole, § 217.670.3 renders the general judicial review provisions of Chapter 536 inapplicable. *Cooper v. Bd. of Prob. & Parole,* 866 S.W.2d 135, 137 (Mo. banc 1993) (holding that § 217.670.3 precludes judicial review of parole board determinations as noncontested cases under § 536.150.1, and under Rule 100.01); *Smith v. Bd. of Prob. & Parole,* 743 S.W.2d 123, 125 (Mo.App. W.D.1988).[3]

Ladd's petition asserts that the Board's decision was subject to *de novo* review under the APA and Rule 100.01. Under § 217.670.3, however, his APA claims are clearly foreclosed.[4]

---

**3.** Ladd cites *Hamby v. City of Liberty,* 20 S.W.3d 515, 517 (Mo. banc 2000), for the proposition that an agency's organic statute can only preclude judicial review under the APA where that organic statute provides comprehensive judicial review procedures akin to those found in the APA itself. But *Hamby* cites the Court's prior decision in *Cooper* as a case in which a plaintiff was properly denied

judicial review under the APA "because of the availability of other remedies or other methods of judicial review of the agency's action." *Id.*

**4.** We note that, although Ladd makes certain constitutional arguments which we address *infra* § II, he does not contend that § 217.670.3's limitations on judicial review

## B.

In his third Point Ladd argues that, even if the APA's judicial review provisions are not applicable of their own force, § 217.670.3 fails to provide a sufficient scope of review under § 536.140.2, which provides:

The scope of judicial review in all contested cases, whether or not subject to judicial review pursuant to sections 536.100 to 536.140, and in all cases in which judicial review of decisions of administrative officers or bodies, whether state or local, is now or may hereafter be provided by law, shall in all cases be at least as broad as the scope of judicial review provided for in this subsection[.]

(Emphasis added.)

By its terms, however, § 536.140.2 only applies to administrative decisions which are not otherwise subject to the APA's judicial review provisions if those decisions are rendered in *contested* cases. A parole hearing, as contemplated by the statutes and regulations governing the Board, does not meet the minimum indicia of a contested case. *See Mitchell*, 831 S.W.2d at 944. Among other attributes, a contested case implies an adversarial relationship. *Id.* ("[I]n using the term 'hearing' in § 536.[010(4)], the General Assembly contemplated an 'adversarial hearing,' and thus, the element of adversarial parties is essential to the definition of 'contested case.'"). The relationship between the Board and an offender is supervisory in nature, not adversarial. *Smith v. Bd. of Prob. & Parole*, 743 S.W.2d 123, 125 (Mo. App. W.D.1988). Further, as *Mitchell* notes, "the hearing before the Board is

also referred to as an 'interview' of the offender, § 217.690.2, and the 'evidence' relied upon by the Board is neither sworn testimony nor testimony tested by cross-examination" but is instead in the form of "statements of the offender, his or her representative, the prosecutor or the victim." 831 S.W.2d at 944. "The nature of the presentation is contemplated to be a discussion" of the factors relevant to the Board's parole decision. *Id.*; *see also* 14 C.S.R. 80–2.010(5) (hearing procedures).

Under § 536.010(4), "'[c]ontested case' means a proceeding before an agency in which legal rights, duties or privileges of specific parties are required by law to be determined after a hearing." As the Missouri Supreme Court has only recently explained, "[t]he term 'hearing,' as used in section 536.010([4]), means a proceeding at which a 'measure of procedural formality' is followed." *City of Valley Park v. Armstrong*, 273 S.W.3d 504, 507 (Mo. banc 2009) (footnote and citation omitted). "In determining if a hearing comports with these formalities, the statute requiring the hearing is examined." *Id.* While § 217.690 requires the Board to conduct a "parole hearing" before granting parole, *Armstrong* demonstrates that the simple fact that a statute requires that a "hearing" be conducted prior to an administrative decision does not, standing alone, render the proceeding a "contested case." *Armstrong* involved § 72.403, which specifies that a "public hearing" shall be conducted by a county boundary commission before ruling on a boundary change proposal. The statute provides that, "[a]t such public hear-

---

violate article V, § 18 of the Missouri Constitution, and we accordingly do not address any such claim. *See State ex rel. Mitchell v. Dalton*, 831 S.W.2d 942, 943, 946 (Mo.App. E.D. 1992) (declining to address relationship of § 217.670.3 and article V, § 18 where the issue was not raised by parties to writ pro-

ceeding); *see also Hundley v. Wenzel*, 59 S.W.3d 1, 6–7 (Mo.App. W.D.2001) (refusing to address similar issue where it was not properly preserved in trial court, despite court's recognition that "[t]he statutory scheme for judicial review in § 376.187 raises [constitutional] concerns").

ing, the city, the proposing agent and affected municipalities shall be parties, and any other interested person, corporation or political subdivision may also present evidence regarding the proposed boundary change." Despite the requirement of a "hearing," and the reference to the "present[ation] [of] evidence" at that "hearing," the Supreme Court held that, "[b]ecause section 72.403 does not provide for an adjudicatory hearing where Valley Park was permitted to try its case before the boundary commission and develop the necessary evidentiary record, the case is not a contested case." *Armstrong,* 273 S.W.3d at 504.

As noted above, and as held in *Mitchell,* the parole hearings contemplated by the relevant statutes and regulations do not require the " 'measure of procedural formality' " necessary to render parole proceedings "contested cases." [5]

Relying on *State ex rel. Yarber v. McHenry,* 915 S.W.2d 325 (Mo. banc 1995), Ladd argues that "every case requiring a hearing is a contested case," whether or not procedural formalities are required during the mandated hearing. In *Yarber,* a student forfeited a full semester's worth of high-school credit due to a disciplinary infraction. The court held that the proceeding in which this sanction was imposed constituted a contested case only because the Due Process Clause required a relatively formal hearing in light of the substantial property interest affected. As the court explained:

> In Yarber's case, the penalty imposed—loss of a semester's worth of credit hours—is in no way *de minimus*; it is instead a considerable infringement on Yarber's property interest. For that

reason, we hold that procedural due process requires a hearing with more formal and extensive procedures than that provided in *Goss* [*v. Lopez,* 419 U.S. 565, 95 S.Ct. 729, 42 L.Ed.2d 725 (1975)]. This, in turn, triggers the contested case provisions of the MAPA.

*Id.* at 328.

Ladd has no similar liberty interest in the possibility of parole, and therefore due process considerations do not mandate the level of procedural formality which would "trigger[ ] the contested case provisions of the MAPA" under *Yarber.* Section 217.690.1 provides that, "[w]hen in its opinion there is reasonable probability that an offender of a correctional center can be released without detriment to the community or to himself, the board may *in its discretion* release or parole such person except as otherwise prohibited by law." (Emphasis added.) Underscoring the Board's discretion, § 217.690.10 specifies that "[n]othing contained in this section shall be construed to require the release of an offender on parole nor to reduce the sentence of an offender heretofore committed."

 "There is no substantive due process right to early release from prison, so, if a liberty interest exists in parole it necessarily must arise from a statute." *Delay v. Mo. Bd. of Prob. & Parole,* 174 S.W.3d 662, 665 (Mo.App. W.D.2005) (citation omitted). However, the Missouri Supreme Court has specifically held that "[t]here can be no liberty interest in parole under the [current version of § 217.690.1]. The new statute creates no justifiable expectation of release, giving the Board 'almost absolute discretion' in whether to grant

---

5. Notably, Ladd's own Petition essentially admits that this is not a contested case, since it seeks a trial *de novo,* which is inconsistent with the scope of review generally applied to

contested cases. *See Painter v. Mo. Comm'n on Human Rights,* 251 S.W.3d 408, 412–13 (Mo.App. W.D.2008).

parole release." *State ex rel. Cavallaro v. Groose,* 908 S.W.2d 133, 135 (Mo. banc 1995) (citations omitted); *see also, e.g., Pettis v. Mo. Dep't of Corr.,* 275 S.W.3d 313, 318 (Mo.App. W.D.2008); *Delay,* 174 S.W.3d at 664–65; *Blackburn v. Mo. Bd. of Prob. & Parole,* 83 S.W.3d 585, 587–88 (Mo.App. W.D.2002) (inmate has no constitutional liberty interest in parole because "the provisions of § 217.690.1 'reflect virtually absolute delegation of parole determinations to the Board' " (citation omitted)).

■■■ Because Ladd's parole proceeding did not constitute a "contested case," he cannot rely on § 536.140.2 to argue that he is entitled to the same scope of judicial review as otherwise provided in the APA, despite § 217.670.3's express provision for limited review.[6]

### C.

■■■ Finally, Ladd argues that the General Assembly's 2005 enactment of § 217.690.12 makes the APA's judicial review provisions applicable to the Board's parole denial. That subsection provides, in relevant part, that "[a]ny rule or portion of a rule, as that term is defined in section 536.010, RSMo, that is created under the authority delegated in this section shall become effective only if it complies with and is subject to all of the provisions of chapter 536, RSMo, and, if applicable, section 536.028, RSMo." The simple answer to this claim is that the Board's denial of

parole to Ladd is not a "rule or portion of a rule, as that term is defined in section 536.010." Under § 536.010(6), " '[r]ule' means each agency statement *of general applicability* that implements, inteprets, or prescribes law or policy, or that describes the organization, procedure, or practice requirements of any agency." (Emphasis added.) The Board's decision in Ladd's particular case is not a "rule" because it is not a statement "of general applicability." *Dep't of Soc. Servs. v. Little Hills Healthcare, L.L.C.,* 236 S.W.3d 637, 642 (Mo. banc 2007); *State ex rel. BPS Tel. Co. v. Mo. Pub. Serv. Comm'n,* 285 S.W.3d 395, 402–03 (Mo.App. W.D.2009). Section 217.690.12 does not make the APA's judicial review provisions applicable here.

### II.

■■■ In Point IV, Ladd argues that § 217.670.3 erects an arbitrary and unreasonable barrier to access to the courts in violation of article I, § 14 of the Missouri Constitution, which provides "[t]hat the courts of justice shall be open to every person, and certain remedy afforded for every injury to person, property or character, and that rights and justice shall be administered without sale, denial or delay." But the constitutional right to open courts does not mean that every claim must be entertained; rather, "the right of access simply means the right to pursue in the courts the causes of action the substantive law recognizes." *Kilmer v. Mun,* 17 S.W.3d 545, 549 (Mo. banc 2000) (inter-

---

**6.** We recognize that § 536.140.2 also requires judicial review "at least as broad as the scope of judicial review provided" in that subsection "in all cases in which judicial review of decisions of administrative officers or bodies ... is now or may hereafter be provided by law." This generally applicable language of § 536.140.2 cannot negate the express limitations on review found in the later-enacted § 217.670.3, which applies only to the particular class of decisions at issue here. "A spe-

cific statute controls over a more general statute where both statutes purport to address the same subject matter. Additionally, a later-enacted statute, which functions in a specific manner, will prevail over an earlier-enacted statute of a general nature." *Parktown Imports, Inc. v. Audi of Am., Inc.,* 278 S.W.3d 670, 673 n. 2 (Mo. banc 2009) (citations omitted); *see also MFA Petrol. Co. v. Dir. of Revenue,* 279 S.W.3d 177, 178 (Mo. banc 2009).

nal quotations and citations omitted). To establish an open courts violation, the petitioner must have a recognized cause of action rooted in a legal injury to the person, property, or character. *Snodgras v. Martin & Bayley, Inc.*, 204 S.W.3d 638, 640 (Mo. banc 2006) ("The open courts clause does not curtail the legislature's authority to abolish or modify common law or statutory claims."; no open courts violation where "the Act does not impose any barriers to pursuing a recognized cause of action, it simply defines the scope of the cause of action"). As explained above, any entitlement Ladd may have to parole is solely a creature of Missouri's statutes, and those statutes (including the limitations on review in § 217.670.3) vest "almost absolute discretion" over parole decisions in the Board. Section 217.670.3 defines the scope of Ladd's right to review of the Board's parole decisions; it does not erect any arbitrary or unreasonable barrier to his pursuit of an otherwise-recognized cause of action. Ladd's open courts claim necessarily fails.

■ Ladd next asserts that § 217.670.3 violates equal protection in that it "creates an arbitrary classification of petitioners that are irrelevant to the achievement of §§ 536.100 to 536.140." As this court has already determined that Ladd's claims are not cognizable under the APA, and Ladd's equal protection arguments essentially restate his earlier claims in summary fashion without demonstrating an arbitrary classification violating equal protection, we reject this claim without further discussion.[7]

### III.

In his final Point, Ladd asserts that the trial court erred in dismissing his petition

with prejudice, based on the principle that "[a] dismissal for lack of subject matter jurisdiction must be without prejudice because the court has no authority to decide the case on the merits." *Seldomridge v. Gen. Mills Operations, Inc.*, 140 S.W.3d 58, 63–64 (Mo.App. W.D.2004); *see also, e.g., Charron v. State*, 257 S.W.3d 147, 154–55 (Mo.App. W.D.2008).

■ The trial court dismissed Ladd's petition on the basis that the APA's judicial review provisions were inapplicable, and that Ladd had asserted no claim cognizable under § 217.670.3. In light of a series of Missouri Supreme Court decisions issued after the trial court's judgment, we question whether the defects in Ladd's claims in fact reflect a lack of "subject matter jurisdiction." In *Webb ex rel. J.C.W. v. Wyciskalla*, 275 S.W.3d 249 (Mo. banc 2009), the Supreme Court emphasized that "Missouri courts recognize two[—and *only* two—] kinds of jurisdiction: subject matter jurisdiction and personal jurisdiction." *Id.* at 252. Subject matter jurisdiction denotes "the court's authority to render a judgment in a particular category of case." *Id.* at 253. *Webb* highlighted the breadth of the circuit courts' subject matter jurisdiction under the Missouri Constitution:

Article V, section 14 sets forth the subject matter jurisdiction of Missouri's circuit courts in plenary terms, providing that "[t]he circuit court shall have original jurisdiction over *all* cases and matters, civil and criminal. Such courts may issue and determine original remedial writs and shall sit at times and

---

7. Because Ladd's challenges to the constitutionality of § 217.670.3 are "'not real and substantial, but, instead, merely colorable,'" they are insufficient to invoke the Missouri Supreme Court's exclusive appellate jurisdic-

tion under article V, § 3 of the Missouri Constitution, and disposition of those challenges by this Court is appropriate. *White v. White*, 293 S.W.3d 1, 23–24 (Mo.App. W.D.2009).

places within the circuit as determined by the circuit court." (emphasis added.) *Id.* at 253–54.

*Webb* involved the application of a statute (since repealed) which required a party to post a bond before filing a petition for modification of a child custody decree, if the party owed past due child support of more than $10,000.00. The Supreme Court dispensed with the claim that this statute limited the circuit court's subject matter jurisdiction in short order: "The present case is a civil case. Therefore, the circuit court has subject matter jurisdiction and, thus, has the authority to hear this dispute." *Id.* at 254. More recently, the Supreme Court rejected, in equally summary fashion, the "jurisdictional" characterization of a defendant's argument that a personal-injury lawsuit was barred by the exclusive remedy provisions of the workers' compensation law: "Mr. McCracken has filed a civil suit for damages in a circuit court that has personal jurisdiction over him and Wal–Mart. The court below had jurisdiction to hear his claim." *McCracken v. Wal–Mart Stores E., L.P.,* 298 S.W.3d 473, 477 (Mo. banc 2009); *see also State ex rel. State v. Parkinson,* 280 S.W.3d 70, 75 (Mo. banc 2009) (state's failure to obtain a determination from a Missouri-licensed psychologist before filing petition for civil commitment of inmate as a sexually violent predator did not implicate circuit court's subject matter jurisdiction). *McCracken* emphasizes that truly "jurisdictional" issues must be distinguished from "the separate issue of the circuit court's statutory or common law authority to grant relief in a particular case." 298 S.W.3d at 477.

Here, the circuit court's dismissal of Ladd's petition appears to be based on its lack of "statutory or common law authority to grant relief in [Ladd's] particular case," rather than a defect in the court's subject matter jurisdiction under article V, § 14. If so, Ladd's argument that the dismissal should have been without prejudice, because dismissals for lack of subject matter jurisdiction must be without prejudice, would appear to be beside the point.

We need not definitively resolve the issue, however. The Board states in its Brief that it has no objection to the modification of the judgment in this case to a dismissal without prejudice, based on its recognition that Ladd may be entitled "to properly raise his underlying claims against the Board of Probation and Parole in a declaratory judgment action." *See, e.g., Wayne v. Mo. Bd. of Prob. & Parole,* 83 F.3d 994, 996–98 (8th Cir.1996) (canvassing procedural avenues available to inmate to challenge grounds of parole denial in state court). Given the Board's concession, and its recognition of the possibility that Ladd may be able to raise some or all of his claims through a different cause of action, we modify the judgment pursuant to Rule 84.14, to reflect a dismissal of Ladd's claims without prejudice.

### Conclusion

The judgment of the circuit court is affirmed, as modified pursuant to Rule 84.14 to reflect the dismissal of Ladd's petition without prejudice.

All Concur.