**WEHRENBERG, INC., Appellant,**

v.

**DIRECTOR OF REVENUE,**
Respondent.

No. SC 91283.

Supreme Court of Missouri,
En Banc.

Oct. 4, 2011.

Daniel J. Cook, Cook & Riley LLC, St. Louis, MO, for appellant.

Jeremiah Morgan, Deputy State Solicitor, Attorney General's Office, Jefferson City, MO, for respondent.

RICHARD B. TEITELMAN, Chief Justice.

Wehrenberg, Inc., seeks review of an Administrative Hearing Commission ("AHC") decision determining that the sale of food at Wehrenberg's movie theaters is not subject to the reduced sales tax rate for food established in section 144.014, RSMo Supp.2010. The AHC decision is affirmed.

### FACTS

Wehrenberg operates twelve movie theaters in Missouri. In each theater, Wehrenberg operates concession stands selling food and drinks. The concession items include popcorn, nachos, candy and soda. At four theaters, Wehrenberg operates a restaurant-style concession offering hotdogs, hamburgers, pizza, French fries, and similar items.

Wehrenberg charged its customers the four percent state sales tax imposed by section 144.020. Wehrenberg then filed a sales tax refund claim with the Director of Revenue asserting that the concession items should have been taxed at the one percent rate set forth in section 144.014. The director and the AHC denied the claim. Wehrenberg filed a petition for review of the AHC decision.

## ANALYSIS

This Court has jurisdiction to review the AHC's decision pursuant to Mo. Const. article V, section 3 because the case involves construction of state revenue laws. The AHC's interpretation of revenue laws is reviewed de novo. *DST Sys., Inc. v. Dir. of Revenue*, 43 S.W.3d 799, 800 (Mo. banc 2001). The AHC's factual findings will be upheld if the findings are supported by substantial evidence in the record. *MFA Petroleum Co. v. Director of Revenue*, 279 S.W.3d 177, 178 (Mo. banc 2009).

Section 144.020 imposes a four percent state sales tax on the retail sale of tangible personal property, including food. Section 144.014 imposes a one percent state sales tax on the retail sale of "those products and types of food for which food stamps may be redeemed pursuant to the provisions of the Federal Food Stamp Act as contained in 7 U.S.C. section 2012." The federal food stamp program defines "food" as "any food or food product for home consumption...." *7 U.S.C.*, section 2012(k). Thus, the "products and types of food" subject to the one percent state sales tax are food items for home consumption. There is no doubt that the food sold at the theater concession stand is for consumption at the theater and are not sold for home consumption. Consequently, the one percent state sales tax rate provided in section 144.014 does not apply to Wehrenberg's concession sales.

To avoid this conclusion, Wehrenberg argues that the relevant inquiry is not whether the items are intended for home consumption, but whether items such as popcorn or nachos are "types of food" for which food stamps may be redeemed. Wehrenberg's argument is premised on the assertion that section 144.014 does not incorporate the definition of "food" utilized by the Federal Food Stamp program. This argument fails because the plain, unambiguous language of section 144.014 links the definition of "products and types of food" subject to the one percent sales tax to the definition of "food" utilized by the Federal Food Stamp Act. Every word, sentence or clause in a statute is presumed to have effect, *State ex rel. Unnerstall v. Berkemeyer*, 298 S.W.3d 513, 519 (Mo. Banc 2009). Adopting Wehrenberg's argument would render the reference in section 144.014 to the Federal Food Stamp Act superfluous. Section 144.014 does not apply to Wehrenberg's sale of food at its concession stands.

## CONCLUSION

The decision of the AHC is affirmed.

RUSSELL, BRECKENRIDGE, FISCHER, STITH and PRICE, JJ., and SWEENEY, Sp.J., concur.